## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOHN NAVELSKI; LINDA NAVELSKI,
RICHARD BULLARD; and BEVERLY
BULLARD, and those others that are
Similarly Situated,

      Plaintiffs,

v.                                CASE NO. 3:14-cv-445

INTERNATIONAL PAPER COMPANY,

      Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, International Paper Company, hereby removes to this Court the state court action described below:

1.    On May 13, 2014, Plaintiffs filed this putative class action in the Circuit Court of the First Judicial Circuit in Escambia County, Florida, styled *John Navelski, Linda Navelski, Richard Bullard, and Beverly Bullard, and those others that are Similarly Situated v. International Paper Company,* Case No. 14-CA-906.

2.    A copy of the complaint filed in the state court action is attached as Exhibit 1 to this notice.

3.    Plaintiffs seek to represent a class of real property owners located in and around Eleven Mile Creek, Cantonment, Escambia County, Florida. *Exh. 1 (Compl. ¶ 44).*

1

4.      Defendant International Paper Company ("IP") is a citizen of New York and Tennessee.  *Exh. 2 (Pinckney Decl.)*.

5.      Plaintiffs John Navelski, Linda Navelski, Richard Bullard, and Beverly Bullard are each alleged to be citizens of Florida. *Exh. 1 (Compl. ¶ 7 and ¶ 8)*.

6.      The Complaint alleges Plaintiffs' real property was damaged by "a break in the … levee … which eventually flooded the Plaintiffs' real and personal property." *Exh. 1 (Compl. ¶ 28)*.

7.      Plaintiffs assert several claims against IP on behalf of themselves and a purported class of property owners, including: (1) negligence *(Compl. ¶¶ 51-63)*; (2) trespass *(Compl. ¶¶ 64-66)*; (3) nuisance *(Compl. ¶¶ 67-70)*; (4) and strict liability *(Compl. ¶¶ 71-77)*.

8.      Defendant was served with the Summons and Complaint on August 11, 2014. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely filed.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999).

9.      Plaintiffs' Complaint is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

10.     In the alternative, Plaintiff's Complaint is removable to this Court under 28 U.S.C. § 1332 because there is complete diversity between Defendant and the Plaintiffs, the matter in controversy between Defendant and each of the named

Plaintiffs exceeds $75,000, exclusive of interest and costs, and this Court may exercise supplemental jurisdiction over the claims of the remaining class members. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

## I.     This Court Has Jurisdiction Over This Action Pursuant To CAFA.

11.     CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a state different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d).

12.     This suit satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in the Plaintiffs' Complaint and the Declarations attached to this Notice of Removal: (1) the putative class exceeds 100; (2) at least some of the members of the proposed class have a different citizenship from Defendant; and (3) the amount in controversy exceeds $5,000,000.

### A.     The putative class size exceeds 100

13.     CAFA requires that the proposed class consist of at least 100 members. 28 U.S.C. § 1332(d)(5).

14.     The proposed class is defined as:

> All Persons (a) who, as of April 29, 2014, (i) were
> located, present or residing in the Eleven Mile Creek
> Affected Geographic Area, or (ii) owned, leased,
> possessed, used or otherwise had any interest in homes,
> places of business or other immovable or movable
> property on or in the Eleven Mile Creek affected
> geographic area, and (b) who incurred any losses,
> damages and/or injuries arising from, in any manner
> related to, aggravated by, or connected in some way with
> the flooding that occurred as a result of any alleged Levee
> Failures, dam failure, and/or waters that originated from,
> over, under or through the Levees under the authority
> and/or control of all or any of the Defendant. This
> includes but is not limited to all persons who live in the
> Bristol Park Subdivision, Ashbury Hills Subdivision,
> Devine Farms Road, and other areas surrounding Eleven
> Mile Creek, south of International Paper's Eleven Mile
> Creek Dam, in Escambia County, Florida.

*Exh. 1 (Compl. ¶ 44).*

15. The Complaint acknowledges the number of potential class members is in "excess of 750 persons." *Exh. 1 (Compl. ¶ 47).*

16. Further, the Complaint identifies three specific residential areas as being within the proposed class, the Bristol Park Subdivision, Ashbury Hills Subdivision, and Devine Farms Road. *Exh. 1 (Compl. ¶ 44).* As set forth in the Declaration of Judith A. Pinette, attached as Exhibit 3 to this Notice, the Escambia County Property Appraiser's records indicate that there are approximately 181 separate lots in those three areas, many with multiple owners. *Exh. 3 (Pinette Decl. ¶¶ 3, 5, 7, 8).*

4

**B.**     **There is minimal diversity because at least one putative class member is a citizen of Florida and Defendant is an out-of-state corporation**

17.     The second CAFA requirement is minimal diversity.   When a suit is filed against a single defendant, at least one putative class member must be a citizen of a different state than the defendant.   28 U.S.C. § 1332(d)(2).

18.     Here, the Complaint alleges that the named Plaintiffs and proposed class representatives are citizens of Florida.   *Exh. 1 (Compl. ¶¶ 7-8).*

19.      Defendant International Paper is a citizen of New York and Tennessee. *Exh. 2 (Pinckney Decl.).*

20.      Thus, there is minimal diversity here and this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

**C.**     **The aggregate amount in controversy exceeds $5,000,000**

21.     CAFA also requires that the amount in controversy exceed $5,000,000 for the entire class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Here, based upon Plaintiffs' allegations and theories (which Defendant disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

22.     Plaintiffs seek monetary damages for, among other things, (a) loss of personal property, (b) damage to personal and real property, (c) diminished value and/or loss of property value, and (d) expenses for housing and other damages.   *Exh. 1 (Compl. ¶ 62 and Prayer for relief after ¶ 63).*

23.     The allegations in the Complaint, by themselves, are sufficient for the Court to conclude that the aggregate amount in controversy exceeds $5,000,000.00. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (holding that "a district court can determine, relying on its judicial experience and common sense, that a claim satisfied the amount-in-controversy requirements"). Here, Plaintiffs allege damages to their personal and real property caused by an "overflow of flood waters." *Exh. 1 (Compl. ¶ 60).* According to the allegations in the Complaint, the floodwaters caused "extreme and instantaneous flooding to levels as high as five (5.0) to six feet (6.0) in some residences." *Exh. 1 (Compl. ¶ 38).* As a result, the Complaint alleges that "Plaintiffs have been caused to be displaced and to suffer losses including loss of personal property; damage to their real and personal property; diminished value to their property" and "additional expenses for housing and other damages." *Exh. 1 (Compl. ¶ 41).* [1]

24.     According to the Complaint, the proposed class includes "in excess of 750 persons." *Exh. 1 (Compl. ¶ 47).* Thus, even if each class member sought just $6,666.67 in damages, the $5,000,000 aggregate amount in controversy would be satisfied. Judicial experience and common sense demonstrate that the average damages claim will far exceed this amount given the extent of damage alleged and the types of damages claimed. *See Roe*, 613 F.3d at 1064.

---

[1] The Complaint also seeks a variety of personal injury damages—such as damages for bodily injury, disfigurement, and medical expenses—that are inconsistent with the factual allegations and cannot be recovered as damages for the claims alleged. Thus, Defendant has disregarded those allegations in analyzing the amount in controversy. If those alleged damages are added, the amount in controversy would obviously increase significantly.

25.     Further, Defendant has attached to this notice of removal Declarations from Todd Alford, a licensed general contractor, and Danny Atkins, a licensed insurance adjuster with experience adjusting flood damage claims.  *Exh. 4 (Alford Decl.)*; *Exh. 5 (Atkins Decl.).*  Both Alford and Atkins visited and examined the damage to the Bristol Park Subdivision following the April 29-30 flooding, and both have concluded that the damages sustained by the homeowners in the Bristol Park Subdivision alone more likely than not exceeded $5,000,000 for the damage to their real and personal property, and their need for additional living expenses.  *Exh. 4 (Alford Decl. ¶¶ 5-7)*; *Exh. 5 (Atkins Decl. ¶¶ 5-7).*  Their opinions do not include any amount for the damage sustained by the remaining members of the proposed class living in other areas or subdivisions.

26.     Thus, Plaintiffs' litany of damages claims along with the attached Declarations support a determination that the aggregate amount in controversy more likely than not exceeds $5,000,000.

## II.     **In the alternative, this Court has diversity jurisdiction over the Named Plaintiffs and can exercise supplemental jurisdiction over the putative class**

27.     Alternatively, this Court possesses jurisdiction over this matter because (a) there is complete diversity of citizenship, (b) at least one of the Named Plaintiffs has an amount-in-controversy of more than $75,000, and (c) this Court may exercise supplemental jurisdiction over the claims of other members of the putative class.  *See Exxon*, 545 U.S. at 549.

28.     Complete diversity of citizenship exists because the Named Plaintiffs are citizens of Florida and the class they propose to represent is comprised exclusively of residents of Escambia County, Florida. *Exh. 1 (Compl. ¶¶ 7-8, 44, 47).*

29.     According to the Alford and Atkins declarations, the Named Plaintiffs more likely than not incurred damages in excess of $75,000 from the flooding. *Exh. 4 (Alford Decl. ¶ 4)*; *Exh. 5 (Atkins Decl. ¶ 4)*.

30.     Given that the other elements of jurisdiction are present, Defendant respectfully requests that the Court exercise supplemental jurisdiction over the claims of the other purported plaintiffs, even if their claims do not otherwise satisfy the amount-in-controversy requirement. *See* 28 U.S.C. § 1367; *Exxon*, 545 U.S. at 549.

WHEREFORE, Defendant International Paper Company respectfully requests this Court assume full jurisdiction over this action.

Respectfully submitted,

*/S/ Larry Hill*

Larry Hill
lhill@mhw-law.com
ljohnson@mhw-law.com
Florida Bar No. 173908
Charles F. Beall, Jr.
cbeall@mhw-law.com
Florida Bar No. 66494
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
Pensacola FL 32502
Telephone: (850) 434-3541

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 2nd day of September, 2014, a true copy of the foregoing was served via electronic delivery on counsel below:

Jeremiah J. Talbott
jj@talbottlawfirm.com
civilfilings@talbottlawfirm.com
Tyler L. Gray
LAW OFFICE OF JEREMIAH J. TALBOTT, P.A.
900 East Moreno Street
Pensacola FL 32503
*Attorneys for Plaintiff*

Christopher M. Vlachos
chris@vlachosinjurylaw.com
CHRISTOPHER M. VLACHOS, LLC
244 East Intendencia Street
Pensacola FL 32502
*Attorneys for Plaintiff*

/S/ *Larry Hill*
Larry Hill

9