UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN NAVELSKI; LINDA NAVELSKI; )
RICHARD BULLARD; and BEVERLY )
BULLARD; and those others that are )
Similarly Situated )
      Plaintiffs, )
                       )    Case No.:   3:14-cv-445-MCR-CJK
vs. )
 )
INTERNATIONAL PAPER COMPANY, )
 )
      Defendant. )
_____/

## VERIFIED PETITION TO APPROVE ATTORNEY FEE CONTRACT
## IN ACCORDANCE WITH FLORIDA RULES OF ETHICS

COMES NOW, JEREMIAH TALBOTT, of the LAW OFFICE OF JEREMIAH J. TALBOTT; CHRISTOPHER VLACHOS, of the LAW FIRM OF CHRISTOPHER VLACHOS, PLLC; and JAMES KAUFFMAN AND JONATHAN MARSHALL, of the firm BAILEY GLASSER LLP, and hereby file this Petition to Approve Attorney Fee Contract in accordance with the Rules Regulating the Florida Bar and states as follows:

1. The above-referenced class action lawsuit was originally filed by JEREMIAH TALBOTT, of the LAW OFFICE OF JEREMIAH J. TALBOTT, P.A., and CHRISTOPHER VLACHOS, of the LAW FIRM OF CHRISTOPHER VLACHOS PLLC.

2. After the Complaint was filed, the Defendant filed a Notice of Removal of this case in the Federal District Court for the Northern District of Florida [Doc. 1].

3. Shortly after the Notice of Removal was filed, JEREMIAH TALBOTT and CHRISTOPHER VLACHOS learned that JAMES L. KAUFFMAN AND JONATHAN MARSHALL of the firm, BAILEY & GLASSER LLP, also represented some individuals who allegedly suffered damage(s) as a result of the flooding as referenced in the Complaint.

4. The below-signed attorneys have tentatively entered into an agreement wherein all three law firms and attorneys would appear as counsel-of-record in this case, and they have entered into a separate agreement with regard to the scope of representation and the proposed division of attorney fees.

5. The Plaintiffs in this lawsuit have been advised of the proposed fee distribution and are in agreement with same. A copy of the Attorney Client Contracts and a copy of the fee splitting agreement between the attorneys are attached as Composite Exhibit A.

6. The proposed fee division between the attorneys is fair and reasonable. The fee distribution **would not** be greater than the standard contingency fee contract approved by the Florida Supreme Court, which the same contract that the plan is Artie side. Instead, the attorneys will be dividing the fee amongst themselves in what the attorneys feel to be an equitable and fair manner. The fee division in this matter takes into consideration many factors including, but not limited to the work done by the attorneys prior to the lawsuit being filed, including background investigation, meeting with clients, and doing other investigative and legal services.

7. The proposed attorney fee division is within the parameters of the fees permitted by Rule 4–1.5 (f)(4)(B), Rules Regulating the Florida Bar.

8. Pursuant to Rule 4–1.5 (f)(4)(D), Rules Regulating the Florida Bar, there are specific rules for division of fees among attorneys in different firm:

> (D) As to lawyers not in the same firm, a division of any fee within subdivision (f)(4) shall be on the following basis:
>
> > (i) To the lawyer assuming primary responsibility for the legal services on behalf of the client, a minimum of 75% of the total fee.
> >
> > (ii) To the lawyer assuming secondary responsibility for the legal services on behalf of the client, a maximum of 25% of the total fee. Any fee in excess of 25% shall be presumed to be clearly excessive.
> >
> > (iii) The 25% limitation shall not apply to those cases in which 2 or more lawyers or firms accept substantially equal active participation in the providing of legal services. In such circumstances counsel shall apply to the court in which the matter would be filed, if litigation is necessary, or if such court will not accept jurisdiction for the fee division, the circuit court wherein the cause of action arose, for authorization of the fee division in excess of 25%, based upon a sworn petition signed by all counsel that shall disclose in detail those services to be performed. The application for authorization of such a contract may be filed as a separate proceeding before suit or simultaneously with the filing of a complaint, or within 10 days of execution of a contract for division of fees when new counsel is engaged. Proceedings thereon may occur before service of process on any party and this aspect of the file may be sealed. Authorization of such contract shall not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive. An application under this subdivision shall contain a certificate showing service on the client and, if the application is denied, a copy of the petition and order denying the petition shall be served on The Florida Bar in Tallahassee by the member of the bar who filed the petition. Counsel may proceed with representation of the client pending court approval.

(Emphasis Added).

9. Further, Pursuant to Rule 4–1.5 (g), Rules Regulating the Florida Bar:

> **(g) Division of Fees Between Lawyers in Different Firms.** Subject to the provisions of subdivision (f)(4)(D), a division of fee between lawyers who are not in the same firm may be made only if the total fee is reasonable and:
>
>> (1) the division is in proportion to the services performed by each lawyer; or
>>
>> (2) by written agreement with the client:
>>
>>> (A) each lawyer assumes joint legal responsibility for the representation and agrees to be available for consultation with the client; and
>>>
>>> (B) the agreement fully discloses that a division of fees will be made and the basis upon which the division of fees will be made.

10. The below signed attorneys believe that the division of attorney fees per their agreement is fair and reasonable.

11. The proposed division of fees takes into consideration the work performed by each firm up to the date that the attorneys at Bailey & Glasser LLP became attorneys-of-record in this case, as well as taking into consideration the projected work that each attorney does in the future on this matter. Therefore, the proposed attorney fee agreement is appropriate under Rule 4–1.5 (g)(1), Rules Regulating the Florida Bar.

12. Moreover, the proposed attorney fee division agreement is appropriate under Rule 4–1.5 (g)(2), Rules Regulating the Florida Bar, as all the attorneys are assuming joint legal responsibility for representation and agree to be available for consultation with the client(s), and because the agreement fully discloses the division of fees and the basis upon which the division of fees will be made.

13. All three law firms are agreeing to substantially participate in this litigation. While it is difficult to identify in detail each and every duty/work to be performed by each attorney in this case, especially when the decisions may have to be made on a group basis, the parties have identified the following scope of work:

*Attorneys in the Bailey Glasser firm*

> The scope of work performed by BG will include motions practice, class certification, class certification discovery, merits discovery, common damages analysis, trial preparation and trial on common liability or damages issues, and overseeing the work performed by experts retained in the litigation.

*Attorneys in the Law Office of Jeremiah Talbott*

> The scope of the work performed by the Attorneys in JJ Talbott firm will include motions practice, class certification, class certification discovery, merits discovery, individual damages analysis, trial preparation and trial on individual liability or damages issues, client communications, geographic evaluations/scope analysis, and overseeing communications with class members and clients.

*Attorneys in the Law Office of Christopher Vlachos*

> The scope of the work performed by the Attorneys in the Law Office of Christopher Vlachos firm will include motions practice, class certification, class certification discovery, merits discovery, individual damages analysis, trial preparation and trial on individual liability or damages issues, , geographic evaluations/scope analysis, and overseeing communications with class members and clients.

WHEREFORE, as all three (3) law firms are agreeing to substantially participate in this litigation, and because of the manner in which the fees are to be

divided, the Plaintiffs respectfully request that this Court accept jurisdiction over the attorney fee issue and give authorization for counsel to proceed forward under said contract, as provided in Rule 4–1.5 (f)(4), Rules Regulating the Florida Bar.

JEREMIAH J. TALBOTT, FBN. 0154784
for The Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Florida 32503
(850) 437-9600/(850) 437-0906 (Fax)
JJ@Talbottlawfirm.com; civilfilings@Talbottlawfirm.com
Tyler@Talbottlawfirm.com
*Attorneys for the Plaintiffs*

STATE OF FLORIDA

COUNTY OF ESCAMBIA

The foregoing Verified Petition for Approval of Attorney Fee Contract was SWORN TO AND SUBSCRIBED before me on this 15th day of December, 2014, by JEREMIAH J. TALBOTT, who is personally known to me.

NOTARY PUBLIC

KRYSTAL HEITLAND
Commission # EE 225178
Expires August 15, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

_[signature]_

CHRISTOPHER M VLACHOS, FBN 0645801
for Christopher M. Vlachos, PLLC
244 East Intendencia Street
Pensacola, Florida 32502
(850)444-0141/(850)444-0144
chris@Vlachosinjurylaw.com
*Attorneys for the Plaintiffs*

STATE OF FLORIDA

COUNTY OF ESCAMBIA

The foregoing Verified Petition for Approval of Attorney Fee Contract was SWORN TO AND SUBSCRIBED before me by **CHRISTOPHER M. VLACHOS**, on this __15th__ day of __December__, 2014, who ( ) is personally known to me or ( ) who produced __Florida DL__ as identification.

_[signature]_
NOTARY PUBLIC

GLORIA M. MERIDETH
MY COMMISSION # EE 807580
EXPIRES: February 4, 2017
Bonded Thru Notary Public Underwriters

*signature*

JAMES L. KAUFFMAN, FBN 12912
for Bailey & Glasser, LLP
910 17th Street N.W., Suite 800
Washington, DC 20006
(202)463-2101
(202)463-2103 (fax)
JKauffman@baileyglasser.com
*Attorney for Plaintiffs*

STATE OF _DC_

COUNTY/DISTRICT OF _Washington_

The foregoing Verified Petition for Approval of Attorney Fee Contract, was SWORN TO AND SUBSCRIBED before me by **JAMES L. KAUFFMAN** on this _15_ day of _December_, 2014, who ( ) is personally known to me or ( ) who has produced _____ as identification.

_Lorraine B. Harrison_
NOTARY PUBLIC

*[Notary seal: Exp. 7-31-2017, Lorraine B. Harrison, Notary Public]*

Navelski v. International Paper Company
*Verified Motion to Approve Attorney Contract*
Page 8 of 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **15th** day of **December**, 2014, a copy of the above and foregoing Verified Petition for Attorney Fee Contract, was provided: by electronic mail to Larry Hill, Esquire, at LHill@MHW-law.com; Charles Beall, Esquire, at CBeall@MHW-law.com; Kimberly Sullivan, Esquire, at KSullivan@MHW-law.com; and by regular U.S.Mail to: John and Linda Navelski, 2706 Silhoutte Drive, Cantonment, Florida 32533; Rick and Beverly Bullard, 9970 Bristol Park Road, Cantonment, Florida 32533.

_____
JEREMIAH J. TALBOTT