UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JOHN NAVELSKI; LINDA NAVELSKI; RICHARD BULLARD; and BEVERLY BULLARD; and those others that are Similarly Situated<br>       Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>       Defendant. | Case No.:   3:14-cv-445-MCR-CJK |

## *UNOPPOSED* MOTION TO FILE PLEADING UNDER SEAL
## (VERIFIED PETITION TO APPROVE ATTORNEY FEE CONTRACT)

COMES NOW, JEREMIAH TALBOTT, of the LAW OFFICE OF JEREMIAH J. TALBOTT; CHRISTOPHER VLACHOS, of the LAW FIRM OF CHRISTOPHER VLACHOS, PLLC; and JAMES KAUFFMAN AND JONATHAN MARSHALL, of the firm BAILEY GLASSER LLP, and hereby file this Motion to File Pleading Under Seal and states as follows:

1. The above-referenced class action lawsuit was originally filed by JEREMIAH TALBOTT, of the LAW OFFICE OF JEREMIAH J. TALBOTT, P.A., and CHRISTOPHER VLACHOS, of the LAW FIRM OF CHRISTOPHER VLACHOS PLLC.

2. After the Complaint was filed, the Defendant filed a Notice of Removal of this case in the Federal District Court for the Northern District of Florida [Doc. 1].

3. After the Notice of Removal was filed, JEREMIAH TALBOTT and CHRISTOPHER VLACHOS learned that JAMES L. KAUFFMAN AND JONATHAN MARSHALL

of the firm, BAILEY & GLASSER LLP, also represented some individuals who allegedly suffered damage(s) as a result of the flooding as referenced in the Complaint.

4. The below-signed attorneys have tentatively entered into an agreement wherein all three law firms and attorneys would appear as counsel-of-record in this case, and they have entered into a separate agreement with regard to the scope of representation and the proposed division of attorney fees.

5. The Plaintiffs in this lawsuit have been advised of the proposed fee distribution and are in agreement with same.

6. The Florida Rules Regulating the Florida Bar, Rule 4–1.5, require that the Court approve fee distributions in certain circumstances.

7. The attorneys for the Plaintiffs' are contemporaneously filing their Verified Petition to Approve Attorney Fee Contract. Exhibit A to the Verified Petition is the Attorney Fee Contract and the Fee Distribution Agreement with Counsel. The copy of the Verified Petition to Approve Attorney Fee Contract that is filed via CM/ECF will not have a copy of Exhibit A attached, but Counsel is filing a complete copy of the their Verified Petition to Approve Attorney Fee Contract, including Exhibit A, with the Court Clerk in a sealed envelope.

8. The Plaintiffs believe that Exhibit A, the Contracts between the attorneys and their clients, and the agreement to divide the fees among the attorneys, is confidential and should not be disclosed to the Defendants, or subject to public review. Thus, they request the Court Seal Exhibit A, and review same, *in camera*, as permitted by the Rules Regulating the Florida Bar.

9. The undersigned has personally conferred with the attorney for the Defendants and they DO NOT object to this Motion.

WHEREFORE, the Plaintiffs request this Court grant this Motion and allow them to file Exhibit A to the Verified Petition to Approve Attorney Fee, under seal, for the Court to review, in camera, in accordance Rule 4–1.5, Rules Regulating the Florida Bar.

## MEMORANDUM OF LAW

Pursuant to Rule 4–1.5 (f)(4)(D), Rules Regulating the Florida Bar, there are specific rules for division of fees among attorneys in different firm:

> (D) As to lawyers not in the same firm, a division of any fee within subdivision (f)(4) shall be on the following basis:
>
> (i) To the lawyer assuming primary responsibility for the legal services on behalf of the client, a minimum of 75% of the total fee.
>
> (ii) To the lawyer assuming secondary responsibility for the legal services on behalf of the client, a maximum of 25% of the total fee. Any fee in excess of 25% shall be presumed to be clearly excessive.
>
> (iii) The 25% limitation shall not apply to those cases in which 2 or more lawyers or firms accept substantially equal active participation in the providing of legal services. In such circumstances counsel shall apply to the court in which the matter would be filed, if litigation is necessary, or if such court will not accept jurisdiction for the fee division, the circuit court wherein the cause of action arose, for authorization of the fee division in excess of 25%, based upon a sworn petition signed by all counsel that shall disclose in detail those services to be performed. The application for authorization of such a contract may be filed as a separate proceeding before suit or simultaneously with the filing of a complaint, or within 10 days of execution of a contract for division of fees when new counsel is engaged. Proceedings thereon may occur before service of process on any party and **this aspect of the file may be sealed**. Authorization of such

>contract shall not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive. An application under this subdivision shall contain a certificate showing service on the client and, if the application is denied, a copy of the petition and order denying the petition shall be served on The Florida Bar in Tallahassee by the member of the bar who filed the petition. Counsel may proceed with representation of the client pending court approval.

(Emphasis Added).

Further, Pursuant to Rule 4–1.5 (g), Rules Regulating the Florida Bar:

> **(g) Division of Fees Between Lawyers in Different Firms.** Subject to the provisions of subdivision (f)(4)(D), a division of fee between lawyers who are not in the same firm may be made only if the total fee is reasonable and:
>
>> (1) the division is in proportion to the services performed by each lawyer; or
>>
>> (2) by written agreement with the client:
>>
>>> (A) each lawyer assumes joint legal responsibility for the representation and agrees to be available for consultation with the client; and
>>>
>>> (B) the agreement fully discloses that a division of fees will be made and the basis upon which the division of fees will be made.

The Plaintiffs have approved the fee distribution among the attorneys/firms in this case and the parties feel that same is fair and appropriate. Given the confidential nature of the attorney/client contracts and the manner in which the fees are to be divided amongst the attorneys, the Plaintiffs request the Court permit the Plaintiffs to file Exhibit A to their Verified Petition to Approve Attorney Fee Contract, under seal, in accordance with the Rules Regulating the Florida Bar.

DATED: December 15, 2014

/s/ *JEREMIAH J. TALBOTT*
_____

**JEREMIAH J. TALBOTT**, FBN. 0154784
for The Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Florida 32503
(850) 437-9600/(850) 437-0906 (Fax)
JJ@Talbottlawfirm.com; civilfilings@Talbottlawfirm.com
Tyler@Talbottlawfirm.com
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2014, a copy of the above and foregoing was provided: by electronic mail to Larry Hill, Esquire, at LHill@MHW-law.com; Charles Beall, Esquire, at CBeall@MHW-law.com; Kimberly Sullivan, Esquire, at KSullivan@MHW-law.com; and by regular U.S.Mail to: John and Linda Navelski, 2706 Silhoutte Drive, Cantonment, Florida 32533; Rick and Beverly Bullard, 9970 Bristol Park Road, Cantonment, Florida 32533.

_____
JEREMIAH J. TALBOTT