UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOHN NAVELSKI, LINDA NAVELSKI,
RICHARD BULLARD, and BEVERLY
BULLARD,**

      Plaintiffs,

v.                                                                                  CASE NO. 3:14cv445/MCR/CJK

**INTERNATIONAL PAPER COMPANY,**

      Defendant.

_____/

## ORDER

This case is a putative class action filed by Plaintiffs John and Linda Navelski and Richard and Beverly Bullard. Plaintiffs own homes in Cantonment, Florida, in close proximity to a paper mill operated by Defendant International Paper Company ("IPC"). Plaintiffs allege that on April 29-30, 2014, their houses were flooded by water overflowing from Eleven Mile Creek, which runs through IPC's property, and that IPC's failure to maintain its dam and adjoining levee caused or contributed to the flooding.

On December 15, 2014, counsel for Plaintiffs filed a Verified Petition to Approve Attorney Fee Contract ("Petition") (Doc. 24), and an Unopposed Motion to File Pleading Under Seal (Doc. 25). The Petition states that Plaintiffs are represented by four attorneys across three separate law firms, and that Plaintiffs' attorneys have agreed to split attorney fees in this case pursuant to a proposed Fee Splitting Agreement.[1] Plaintiffs' attorneys now seek judicial approval of their Fee Splitting Agreement under Rule 4-1.5(f)(4)(D) of the Rules Regulating the Florida Bar. In their Unopposed Motion, counsel for Plaintiffs state that they believe their Fee Splitting Agreement and contracts with their clients are confidential, and request the Court to seal the composite exhibit

---

[1] The actual "Attorney Fee Contract and Fee Distribution Agreement," referred to here as the "Fee Splitting Agreement," is not filed in CM/ECF, but was filed with the Court Clerk in a sealed envelope.

that contains those agreements. Defendants do not object to the Unopposed Motion, and Plaintiffs have approved their attorneys' proposed Fee Splitting Agreement. The Court held a hearing on this matter on January 8, 2015. For the reasons set forth below, the Court finds that counsels' requests to divide their fees and to seal the documents at issue should be approved.

**Discussion**

Florida Rule of Professional Conduct 4–1.5(f)(4) deals with contingency fees in cases involving claims for personal injury, property damage, products liability, or death or loss of services from personal injuries caused by the tortious conduct of another. *Wright v. Ford Motor Co.*, 982 F.Supp.2d 1292, 1294 (M.D. Fla. 2013). In such cases there are restrictions on the way attorneys from different firms may divide those fees. *Id.* When lawyers in different firms divide a contingency fee, the lawyer assuming primary responsibility for the legal services typically must receive a minimum of 75% of the fee and the lawyer assuming secondary responsibility may receive no more than 25%. *See* Fla. Rule Prof'l Cond. 4-1.5(f)(4)(D)(i) & (ii). However, where two or more lawyers or firms accept "substantially equal active participation" in the litigation, the attorneys may petition the court for authorization to divide the fee differently. *See id.* at 4-1.5(f)(4)(D)(iii). In such cases, the Rule specifically permits courts to "authoriz[e] . . . the fee division in excess of 25%." *Id.* "If the court . . . authorizes the fee division requested, the court does not have any responsibility to review or approve *the specific amount* of the fee division agreed upon by the lawyers and the client." Fla. Rule Prof'l Cond. 4-1.5 cmt (emphasis added).

To be valid, the attorneys' petition must (1) be "a sworn petition signed by all counsel;" (2) "disclose in detail those services to be performed;" (3) "contain a certificate showing service on the client;" and (4) be timely filed. Fla. Rule Prof'l Cond. 4-1.5(f)(4)(D)(iii). According to the Rule, "this aspect of the file may be sealed."[2] *Id.* In this case, Plaintiffs are presently represented by four attorneys: Jeremiah Talbott, Christopher Vlachos, James Kauffman, and Jonathan Marshall. The Petition is signed

---

[2] Rule 4-1.5(g) also governs the division of fees between lawyers in different firms. However, as noted by the court in *Wright*, Rule 4-1.5(g) applies "subject to the provisions of subdivision (f)(4)(D)," which are controlling here. *See Wright,* 982 F.Supp.2d at 1294 n.1.

by three of those four attorneys, Jeremiah Talbott, Christopher Vlachos, and James Kauffman. The remaining attorney, Jonathan Marshall, works for the same law firm as James Kauffman. Accordingly, the Court finds that the first requirement has been met. *See Wright*, 982 F.Supp.2d at 1294-95 (approving a similar petition and fee splitting agreement even though petition did not comply with all of the "exact requirements of the Rule," including the lack of two required signatures). Regarding the second requirement, the Petition provides in detail the services to be performed by each of the three law firms. *See* Doc. 24, at 5. The Comment to the Rule contemplates judicial approval of a fee splitting agreement "where the participating lawyers have for purposes of the specific case established a co-counsel relationship." Fla. Rule Prof'l Cond. 4-1.5 cmt. The Comment further provides, "In determining if a co-counsel relationship exists, the court should look to see if the lawyers have established a special partnership agreement for the purpose of the specific case or matter. If such an agreement does exist, it must provide for a sharing of services or responsibility and the fee division [should be] based upon a division of the services to be rendered or the responsibility assumed." *Id.* The undersigned has reviewed the proposed division of services in the Petition and, at the hearing, spoke with counsel about their proposed division of work. Having reviewed the matter, the Court finds that Plaintiffs' attorneys have established that a special partnership agreement and co-counsel relationship exists by which they have agreed to share responsibility for litigating this case, and that the proposed fee division is based on a division of the services to be rendered by each firm.[3] As to the remaining requirements, the Petition includes the requisite certificate showing service on the named Plaintiffs. Moreover, each Plaintiff's contingency fee agreement

---

[3] Although the services to be performed by each firm often overlap, that is not always the case. For example, the Petition indicates that each of the three law firms will be responsible for motions practice, class certification, class certification discovery, and merits discovery. *See* Doc. 24, at 5. The Petition further indicates, however, that only attorneys James Kauffman and Jonathan Marshall will be responsible for common damages analysis, and that only attorney Jeremiah Talbott will be responsible for client communications. *Id.* Thus, there appears to be a division of responsibility as contemplated by the Comment to the Rule, and the Court is otherwise satisfied that a co-counsel situation exists. *See* Fla. Rule Prof'l Cond. 4-1.5 cmt (stating that "a co-counsel situation would exist where a division of responsibility is based upon, but not limited to, . . . [situations] where the lawyers agree to divide the legal work and representation along established lines of division, such as liability and damages, or other similar factors.").

specifically references and incorporates the Fee Splitting Agreement, and the Petition confirms that Plaintiffs "have been advised of the proposed fee distribution and are in agreement with same."  Doc. 24, at 2.  Finally, the Comment to the Rule states that where "litigation has been commenced or the representation has already begun, approval of the fee division should be sought within a reasonable period of time after the need for court approval of the fee division arises."  Fla. Rule Prof'l Cond. 4-1.5 cmt.  The present Petition was filed after this suit was commenced, and indicates that shortly after the Notice of Removal was filed on September 2, 2014, Plaintiffs' four attorneys discovered that they each represented individuals who allegedly suffered damages as a result of the flooding referenced in the Complaint.  *See* Doc. 24, at 2.  The present Petition was filed less than three months later and prior to the commencement of discovery.  Accordingly, the Court finds that the Petition is timely, and that the fee division should be approved.[4]

For these reasons, it is ORDERED:

1. Plaintiffs' Verified Petition to Approve Attorney Fee Contract (Doc. 24) is **GRANTED**.  Counsel may divide the fees they receive as proposed.
2. Plaintiffs' Unopposed Motion to File Pleading Under Seal (Doc. 25) is **GRANTED**.  The Clerk of Court is directed to file Exhibit A to Doc. 24 under seal.

**DONE and ORDERED** this 8th day of January, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] As the Rule contemplates, the Court's authorization of the fee division "shall not bar subsequent inquiry as to whether the fee actually claimed or charged is clearly excessive."  Fla. Rule Prof'l Cond. 4-1.5(f)(4)(D)(iii). In addition, the Court's decision is limited to approving the division of fees among Plaintiffs' attorneys, and does not address the separate agreements between the attorneys and their clients.