IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN NAVELSKI, LINDA NAVELSKI,
ERICK ALEXANDER, JACOB
HUTCHINS, AMBER HUTCHINS,
JEANNE HENDERLY, RICHARD
BULLARD, and BEVERLY BULLARD,
on their own behalf and those others
similarly situated,

    Plaintiffs,

v.                                                                                       CASE NO. 3-14-cv-445 MCR/CJK

INTERNATIONAL PAPER COMPANY,

    Defendant.
_____/

## PLAINTIFFS' RENEWED MOTION FOR APPROVAL OF CLASS NOTICE PLAN

Plaintiffs John Navelski, Linda Navelski, Erick Alexander, Jacob Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard ("Plaintiffs") respectfully move the Court for approval of the agreed proposed Notice Plan, attached as Exhibit A (Epperly Decl.), which fully satisfies all requirements under Rule 23(c) and due process.

On March 25, 2017, the Court granted Plaintiffs' Motion for Class Certification and certified the following class:

> All persons who, as of April 29, 2014, owned real property in the Bristol Park, Bristol Woods, Bristol

>Creek, or Ashbury Hills Subdivisions in Cantonment, Florida.

(*See* ECF No. 93 at 46.)

Following the Court's Order, Plaintiff submitted a Corrected Motion for Approval of Class Notice Plan on July 19, 2017, which outlined the reasons that the notice and notice plan is the best practicable notice under Rule 23(c)(2)(B). (*See* ECF No. 117.) Thereafter on July 20, 2017, the Court held a Notice Hearing to discuss the notice for the class, during which the Court directed the parties (1) to include the trial date, which commences on February 20, 2018 and concludes on March 2, 2018 (Hearing Transcript from July 20, 2017 at 4:3-5); (2) to include the website address for the case website, www.flnd.uscourts.gov/314cv445 (*Id.* at 4:10-15); (3) to bold and increase the font size on the title of the notice to say "Court Approved Legal Notice of Class Action" (*Id.* at 6:19-22); and (4) to revise the notice to make it clear that the class has been certified for liability purposes only with an explanation of what that means. (*Id.* at 6:8-14).

Following the Court's direction at the Notice Hearing, the parties have revised the agreed Class Notice to address all of the issues raised by the Court. The Class Notice was modified (1) to include the trial date on the second page; (2) included the court website on the bottom of the second page; (3) bolded and increased the font size on the title; and (4) added language under the heading "WHAT WILL BE DECIDED IN THE CLASS TRIAL?" at the top of the second

page.  (*See* Exhibit B, redlined Class Notice).  For the same reasons stated in Plaintiffs' original motion (*See* ECF No. 117), the Class Notice and Notice Plan should be approved.

## DISCUSSION

### A. The Proposed Notice Plan is the best practicable notice under the circumstances

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best practicable notice under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2558 (2011). Here, the Plaintiff proposes a direct mailing approach designed to meet that requirement.

As noted in the Court's Certification Order, "[t]he names and addresses of the proposed class members are easily ascertainable by reference to the real property records of Escambia County, Florida" and Plaintiffs "have sufficiently demonstrated that the members of the class may be identified in an administratively feasible way." (*See* ECF No. 93 at 46.)  Additionally, as set forth in the declaration of David Epperly, his company Epperly Re:Solutions has parsed and formatted the owner records for a total of 314 homes in the class and updated

those records through the TransUnion TLO address databases.[1] Epperly Re:Solutions has identified 54 of the 314 records that reflect an updated mailing address and can provide a complete list of class members to the parties' counsel within three (3) days of the Court's approval of the Notice Plan. Further, Epperly Re:Solutions stands ready to mail the proposed notice by first class mail, postage pre-paid, to class members within seven (7) days of the Court approving this Notice Plan. Additionally, the Court's website can be used to make the Notice publicly available. The website address from the Court's website can be included in the Notice mailed to class members.

The recipients of the notice will be advised that they have forty-five (45) days from the mailing to opt-out of the class. Within (7) days of the opt-out deadline, Epperly Re:Solutions will provide a list of class members who have opted out to the parties' counsel.

**B. The Proposed Notice Plan is easy to read and understand, comporting with the requirements of Rule 23 and due process.**

To satisfy Rule 23(c)(2)(B), the class notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the

---

[1] These databases are used for skip tracing and identity authentication. The TLO databases use advanced algorithms to search public and proprietary records "on an estimated 95% of the U.S. population." *See* www.tlo.com.

court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 Newberg On Class Actions, §11:53, 167 (4th ed. 2002). Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979).

Here, Plaintiffs and Defendant International Paper Company agree that the language of the proposed notice satisfies Rule 23 and due process requirements. The notice provides a concise description of the defined Class, along with a basic description of the nature of the action and class claims. If any class member wants additional information, the Notice provides contact information for class counsel and email addresses to obtain additional information. The Notice prominently features a text box entitled "YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT" that simply and plainly explains the two options for class members in the lawsuit: (1) do nothing and stay in the class or (2) ask to be excluded. The Notice further explains in a straight-forward manner the impact to the class member by choosing either of these options and that such a choice must be made within 45 days of the mailing of the notice.

In sum, the format and language of the Notice has been drafted so that it is conveyed in plain language, easy to read, and will be readily understood by the members of the Class. As such, Plaintiff's proposed Notice Plan satisfies the requirements of Rule 23 and due process and should be approved by the Court.

## Conclusion

For the foregoing reasons, Plaintiffs and Class Counsel respectfully request that the Court enter an Order (1) approving the proposed Notice Plan, finding that it comports with both Rule 23 and due process requirements, (2) entering a schedule for providing notice and setting a deadline for class members to opt-out, and (3) authorizing notice be sent by First Class mail to all class members. (*See* Exhibit C, Proposed Order.)

Dated: September 15, 2017                    Respectfully Submitted,

*/s/ James L. Kauffman*
James L. Kauffman, Fl. Bar No. 12915
Jonathan R. Marshall, *pro hac vice*
**BAILEY & GLASSER LLP**
1054 31st Street, N.W., Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Fax:  (202) 463-2103
jkauffman@baileyglasser.com
jmarshall@baileyglasser.com

Jeremiah J. Talbott
**Law Office of J.J. Talbott, P.A.**
900 East Moreno Street

Pensacola, FL 32503
jj@talbottlawfirm.com

Christopher M. Vlachos
**Vlachos Injury Law, P.A.**
714 North DeVilliers Street
Pensacola, FL 32501
chris@vlachosinjurylaw.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 15th day of September 2017 that a true copy of the foregoing was served via electronic delivery on counsel below:

MOORE, HILL & WESTMORELAND, P.A.

Charles F. Beall, Jr.
cbeall@mhw-law.com
Florida Bar No. 66494
Larry Hill
lhill@mhw-law.com
ljohnson@mhw-law.com
Florida Bar No. 173908
Kimberly S. Sullivan
ksullivan@mhw-law.com
Florida Bar No. 101408
220 West Garden Street
SunTrust Tower, 9th Floor
Pensacola FL 32502
Telephone: (850) 434-3541

*Attorneys for Defendant*

GIBSON, DUNN & CRUTCHER, LLP

Daniel W. Nelson
DNelson@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 887-3687

*/s/ James L. Kauffman*
James L. Kauffman