**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOHN NAVELSKI, LINDA
NAVELSKI, ERICK
ALEXANDER, JACOB
HUTCHINS, AMBER
HUTCHINS, JEANNE
HENDERLY, RICHARD
BULLARD, and BEVERLY
BULLARD, on their own behalf
and those others similarly situated,

    Plaintiffs,

v.

INTERNATIONAL PAPER
COMPANY,

    Defendant.

Case No. 3:14-cv-00445
MCR/CJK

**DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL
MEASURES AND INCORPORATED MEMORANDUM OF LAW**

Defendant International Paper Company ("IP") respectfully moves in limine

for an order excluding evidence regarding IP's remediation efforts following the

breach of the structure sometimes referred to as the Kingsfield Road Dam.  In

support of its motion, IP submits the following memorandum of law.

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

   I.   Evidence Of IP's Post-Storm Remediation Project Is Inadmissible Under
      Federal Rule of Evidence 407 ....................................................................2

        A. IP's Post-Storm Remediation Project Is A Remedial "Measure"
           Covered By Rule 407 ........................................................................3

        B. Rule 407 Applies To All Of Plaintiffs' Claims....................................4

   II.   Evidence Of IP's Post-Storm Remediation Project Is Inadmissible Under
      Federal Rule Of Evidence 403....................................................................7

CONCLUSION .....................................................................................................12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Columbia & P.S.R. Co. v. Hawthorne*,
144 U.S. 202 (1892)...........................................................................................8

*E. Air Lines, Inc. v. Am. Cynamid Co.*,
321 F.2d 683 (5th Cir. 1963) ............................................................................5

*Hall v. Am. S.S. Co.*,
688 F.2d 1062 (6th Cir. 1982) ..........................................................................5

*Hart v. Lancaster & Yorkshire Ry. Co.*,
21 L.T.R. N.S. 261 (1869) ................................................................................9

*Heath v. E.I. DuPont de Nemours & Co.*,
No. 93-cv-0740E(H), 1996 WL 378174 (W.D.N.Y. June 25, 1996)...................5

*Horrillo v. Cook, Inc.*,
664 F. App'x 874 (11th Cir. 2016) ..................................................................11

*Jongeward v. BNSF Ry. Co.*,
No. 09-cv-0010-RMP, 2010 WL 1372696 (E.D. Wash. Apr. 6, 2010) ...............5

*Munasar v. Alaska Tanker Co. LLC*,
No. 11-cv-04044 RS, 2012 WL 7187321 (N.D. Cal. Oct. 17, 2012)...................5

*Wilkinson v. Carnival Cruise Lines, Inc.*,
920 F.2d 1560 (11th Cir. 1991) .................................................................3, 4, 7

*Wood v. Morbark Indus., Inc.*,
70 F.3d 1201 (11th Cir. 1995) ......................................................................6, 9

*Young v. Crowley Liner Sers., Inc.*,
No. 06-cv-966HSO–JMR, 2009 WL 824532 (S.D. Miss. Mar. 20, 2009) ..........5

**Rules**

Fed. R. Evid. 403............................................................................................8

Fed. R. Evid. 407 ...................................................................................passim

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ...................................................4

## INTRODUCTION

Plaintiffs allege negligence, trespass, nuisance, and strict-liability claims against IP arising from the breach of a structure sometimes referred to as the "Kingsfield Road Dam" on IP's property in Cantonment, Florida, during a record rainstorm in April 2014.  Following the storm and breach of the Kingsfield Road Dam, IP removed the structure and took other remedial steps in the Elevenmile Creek drainage channel.

Plaintiffs have indicated to IP that they intend to introduce at trial documents such as conceptual designs from consultants and engineers, invoices, construction schedules, and emails pertaining to the post-storm remediation work.  Plaintiffs have also asked questions during IP employees' depositions regarding the post-storm remediation efforts and are likely to do so again at trial.  IP has conferred with Plaintiffs regarding the inadmissible nature of this evidence, but Plaintiffs have not agreed to remove the remediation-related documents from their exhibit list or to refrain from eliciting testimony regarding the post-storm remediation efforts at trial.

The Court should exclude all exhibits and testimony, including expert testimony, regarding the post-event remedial work performed by IP, including the removal of the Kingsfield Road Dam, because it is inadmissible under Federal Rule of Evidence 407.  Rule 407 bars the introduction of evidence of subsequent

remedial measures to prove negligence or culpable conduct, because the post-incident remedial work could be misconstrued by the jury as an admission of fault by the defendant and would create disincentives to improving safety in the aftermath of an accident.  Evidence of IP's post-storm remediation project should also be excluded under Federal Rule of Evidence 403, because any minimal probative value is substantially outweighed by the unfair prejudice to IP and the jury confusion that would inevitably result from the admission of this evidence. The issues to be resolved in the liability trial turn exclusively on IP's *pre-storm* conduct and the causation of the flooding in the class area on the evening of April 29–30, 2014, and do not implicate IP's actions after the storm.

## ARGUMENT

I.   **Evidence Of IP'S Post-Storm Remediation Project Is Inadmissible Under Federal Rule Of Evidence 407.**

Federal Rule of Evidence 407 bars the admission of evidence of subsequent remedial measures.  Rule 407 states, in relevant part:  "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:  negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction."  Fed. R. Evid. 407.  The inadmissibility of evidence of subsequent remedial measures is grounded in the "social policy of encouraging people to take, or at least not

discouraging them from taking, steps in furtherance of added safety."  Fed. R.

Evid. 407 Advisory Committee's Notes to 1972 Proposed Rules.

Both the plain language of Rule 407 and its underlying policies require

excluding evidence of IP's post-storm remediation work.

### A. IP's Post-Storm Remediation Project Is A Remedial "Measure" Covered By Rule 407.

Rule 407 prohibits the introduction of any "measures" taken after an incident

that would have "made an earlier injury or harm less likely to occur."  Fed. R.

Evid. 407.  As the Eleventh Circuit has emphasized, the language of Rule 407 is

"broad[]" with respect to the post-incident measures excluded under the rule.

*Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567 n.14 (11th Cir.

1991).  Excluded subsequent remedial measures can be as simple as leaving open

an automated sliding glass door that closed on a cruise-ship passenger's foot.  *Id.* at

1562, 1567 & n.14.

IP's post-storm remediation efforts, including the removal of the Kingsfield

Road Dam, are a quintessential example of subsequent remedial measures.

Plaintiffs assert that the breach of the Kingsfield Road Dam caused all of the

flooding in the class area.  After the April 2014 storm, IP removed the structure

and performed additional remedial work in the area.  These measures necessarily

make the harm alleged by Plaintiffs—flooding supposedly caused by the breach of

the Kingsfield Road Dam—"less likely to occur" within the meaning of Rule 407.

3

Similar to the defendant in *Wilkinson*—who made it less likely that the sliding door would close on passengers' feet by leaving the door open, *see* 920 F.2d at 1567 & n.14—IP has eliminated the risk of any future flooding attributable to a breach of the Kingsfield Road Dam by removing the structure altogether.

### B.  Rule 407 Applies To All Of Plaintiffs' Claims.

Rule 407 prohibits the admission of evidence of subsequent remedial measures for certain purposes, including to prove "negligence" and "culpable conduct."  Fed. R. Evid. 407.  The expansive language of the rule prohibits Plaintiffs from introducing evidence of IP's post-storm remediation work to prove any of their four claims against IP.

The plain language of Rule 407 expressly bars the use of IP's post-storm remediation project to prove Plaintiffs' negligence claim.  *See Wilkinson*, 920 F.2d at 1562, 1567 (holding that Rule 407 prohibits the introduction of evidence of subsequent remedial measures to prove negligence).

Rule 407 also prohibits Plaintiffs from introducing evidence of subsequent remedial measures to prove their trespass, nuisance, and strict-liability claims, because those claims allege that IP engaged in "culpable conduct" within the meaning of the rule.  The term "culpable" encompasses conduct that is "blameworthy" or that "[i]nvolv[es] the breach of a duty."  Black's Law Dictionary (10th ed. 2014).  Based on the rule's expansive scope, federal courts have

4

repeatedly held that Rule 407's prohibition on evidence of subsequent remedial measures applies to trespass, nuisance, and strict-liability claims.  *See, e.g., Jongeward v. BNSF Ry. Co*, No. 09-cv-0010-RMP, 2010 WL 1372696, at \*\*2, 4 (E.D. Wash. Apr. 6, 2010) (applying Rule 407 in a suit involving nuisance, trespass, and negligence claims); *Young v. Crowley Liner Sers., Inc.*, No. 06-cv-CV966HSO–JMR, 2009 WL 824532, at \*\*1, 3 (S.D. Miss. Mar. 20, 2009) (applying Rule 407 in a suit involving nuisance, trespass, toxic trespass, and negligence claims); *Heath v. E.I. DuPont de Nemours & Co.*, No. 93-cv-0740E(H), 1996 WL 378174, at \*1 & n.9 (W.D.N.Y. June 25, 1996) (applying Rule 407 to a suit involving nuisance, trespass, and negligence claims); *Hall v. Am. S.S. Co.*, 688 F.2d 1062, 1066 (6th Cir. 1982) (applying Rule 407 to a strict-liability claim); *Munasar v. Alaska Tanker Co. LLC*, No. 11-cv-04044 RS, 2012 WL 7187321, at \*1–2 (N.D. Cal. Oct. 17, 2012) (applying Rule 407 to a strict-liability claim); *see also E. Air Lines, Inc. v. Am. Cyanamid Co.*, 321 F.2d 683, 690–91 (5th Cir. 1963) (excluding post-incident evidence in a nuisance case prior to the adoption of Rule 407 because it "was an indication of planned subsequent improvements").

To the extent there was ever a question regarding the applicability of Rule 407 to strict-liability claims, that question was resolved in 1997 when Rule 407 was amended to clarify that it extends to claims based on a "defect in a product or its design."  *See* Fed. R. Evid. 407 Advisory Committee's Notes to 1997

5

Amendment (explaining that the rule was amended to adopt the majority view on the issue).  In fact, even prior to the 1997 amendment, the Eleventh Circuit held that Rule 407 applies to strict-liability claims.  *See Wood v. Morbark Indus., Inc.*, 70 F.3d 1201, 1206–07 & n.3 (11th Cir. 1995) (holding that Rule 407 applies in strict-liability cases regarding product defects).

Applying Rule 407 to Plaintiffs' trespass, nuisance, and strict-liability claims—in addition to their negligence claim—would also further the important policies animating the rule.  As the Advisory Committee explained, the "[r]ule rests on two grounds"—first, that "[t]he conduct is not in fact an admission" of liability, and second, "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."  Fed. R. Evid. 407 Advisory Committee's Notes to 1972 Proposed Rules.  Excluding the evidence of IP's post-storm remediation project would advance those objectives by promoting safety enhancements in the wake of accidents.  In contrast, permitting Plaintiffs to introduce that evidence simply because they pled claims other than negligence would enable future litigants to circumvent Rule 407 and create a strong disincentive for defendants to take remedial steps in the aftermath of an incident for fear that those measures could be used against them to establish liability.

6

To be sure, Rule 407 provides an exception for evidence of subsequent remedial measures that is used for "impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. But IP has never disputed its ownership or control of the Kingsfield Road Dam or contended that it was not feasible to remove the structure. Nor are there any permissible impeachment-related uses of the evidence of subsequent remedial measures, because any questioning by Plaintiffs' counsel that could lead to such impeachment would itself be barred by Rule 407. Those exceptions are therefore categorically inapplicable here. *See Wilkinson*, 920 F.2d at 1567–68 (emphasizing that the exceptions to Rule 407 should be applied with "[c]are" to ensure that they are "not used merely as subterfuge to prove negligence or culpability of the defendant" (internal quotation marks omitted)).

Accordingly, the Court should exclude all evidence of IP's post-storm remediation project under Rule 407.

## II.   Evidence Of IP's Post-Storm Remediation Project Is Inadmissible Under Federal Rule Of Evidence 403.

Evidence regarding IP's post-storm remediation work should also be excluded under Federal Rule of Evidence 403. Rule 403 authorizes the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403.  The Advisory Committee's Notes to

Rule 407 emphasize that any evidence of subsequent remedial measures "not

barred by Rule 407 may still be subject to exclusion on Rule 403 grounds when the

dangers of prejudice or confusion substantially outweigh the probative value of the

evidence." Fed. R. Evid. 407 Advisory Committee's Notes to 1997 Amendment.

That would be precisely the case here if  Rule 407 did not bar the admission of

Plaintiffs' evidence of subsequent remedial measures.

Evidence of IP's post-storm remediation project has, at most, extremely

limited probative value to any of Plaintiffs' claims.  *See* Fed. R. Evid. 407

Advisory Committee's Notes to 1972 Proposed Rules ("[Post-event] conduct is

equally consistent with injury by mere accident.").  As the United States Supreme

Court has long recognized, subsequent remedial measures "evidence is

incompetent, because the taking of such precautions against the future is not to be

construed as an admission of responsibility for the past, has no legitimate tendency

to prove that the defendant had been negligent before the accident happened, and is

calculated to distract the minds of the jury from the real issue, and to create a

prejudice against the defendant." *Columbia & P.S.R. Co. v. Hawthorne*, 144 U.S.

202, 207 (1892).  To allow its admission would be "to hold that, 'because the

world gets wiser as it gets older, therefore it was foolish before.'" Fed. R. Evid.

8

407 Advisory Committee's Notes to 1972 Proposed Rules (quoting *Hart v.*
*Lancashire & Yorkshire Ry. Co.*, 21 L.T.R. N.S. 261, 263 (1869)).

Evidence of IP's post-storm restoration project suffers from those exact
relevance problems. All of Plaintiffs' claims turn on IP's maintenance of the
Kingsfield Road Dam and whether the breach of the structure caused all of the
flooding in the class area. *See* ECF No. 38, ¶¶ 64 (alleging that IP was "negligent
in the conduct of its operation, management, maintenance, and control of the
Kingsfield Road Dam"), 68 (alleging that IP "fail[ed] to properly operate, manage,
and maintain the Kingsfield Road Dam"), 71 (same for nuisance), 75–76 (alleging
that IP's "use of the Kingsfield Road Dam was [] non-natural" and "an
ult[r]ahazardous activity"); *see also* ECF No. 105 at 11 (explaining that the
liability jury will "determine whether or not *all* of the flooding experienced by
Plaintiffs was caused by the failure of the Kingsfield Road Dam" (emphasis in
original)). The removal of the Kingsfield Road Dam *after* the April 2014 storm
sheds little, if any, light on IP's conduct prior to the storm or the cause of the
flooding in the class area during the storm. *See Wood*, 70 F.3d at 1206–07 ("We
are persuaded that Rule 407 is necessary in [strict products liability] cases to focus
the jury's attention on the product's condition or design at the time of the
accident.").

Plaintiffs have included in their proposed exhibit list several documents that discuss IP's post-storm remediation efforts, including the removal of the Kingsfield Road Dam.  For example, they include a memorandum between two third-party consultants regarding a proposal to IP to modify the Kingsfield Road Dam area to allow runoff to "be carried through [a] stabilized natural channel that will flow through the breach in the dam embankment," "to minimize potential for flood flows to impound behind the embankment and [] minimize additional erosion of [] embankment material," as well as to "minimize future loss of onsite sediment."  *See* Ex. A, Project Memorandum.  Plaintiffs also include a subsequent email exchange with one of the same third-party consultants noting that "the project was approved."  *See* Ex. B, Email Re: Elevenmile Creek.  Plaintiffs also include a conceptual design of the new creek channel from the other third-party consultant.  *See* Ex. C, Conceptual Design of Elevenmile Creek Dam Breach.  Plaintiffs also seek to introduce an email listing the approximate cost of the project at the bidding stage.  *See* Ex. D, Email Re: Bid Package – Eleven Mile Creek Stream Restoration.  In addition, Plaintiff's geotechnical engineering expert, Dr. Carrier, states in his report "that International Paper is now contemplating removing the dam."  *See* Ex. E, Carrier Report.

The prejudice that IP would suffer from the admission of this kind of evidence substantially outweighs any minimal probative value.  Evidence of IP's

10

post-storm removal of the Kingsfield Road Dam could be construed by the jury as

an admission that the structure could not be maintained in a safe manner or that

cost was the reason why the structure was not removed sooner.  But, as the

Advisory Committee recognized when promulgating Rule 407, post-incident

efforts to minimize risk do not mean that the defendant's failure to take those steps

before the incident was tortious.  *See* Fed. R. Evid. 407 Advisory Committee's

Notes to 1972 Proposed Rules.  The only way to prevent the jury from leaping to

that unfounded conclusion—and to eliminate the serious risk of juror confusion

about the issues to be resolved in the liability trial—is to exclude evidence of

subsequent remedial measures.

Rule 403 works in tandem with Rule 407 to prevent this type of unfair

prejudice and juror confusion.  *See* Fed. R. Evid. 407 Advisory Committee's Notes

to 1972 Proposed Rules (if evidence is admissible under Rule 407, "the factors of

undue prejudice, confusion of issues, misleading the jury, and waste of time remain

for consideration under Rule 403").  Courts apply Rule 403 as a backstop to

exclude evidence of subsequent remedial measures in cases where Rule 407 is

found inapplicable.  *See Horrillo v. Cook, Inc.*, 664 F. App'x 874, 877 (11th Cir.

2016) (excluding evidence of subsequent remedial measures on Rule 403 grounds

because it was "irrelevant, more prejudicial than probative, and cumulative").

Thus, to the extent that any evidence of IP's post-storm restoration project is not

11

barred by Rule 407, the Court should exclude that evidence under Rule 403 as

unfairly prejudicial and likely to confuse and mislead the jury.

## **CONCLUSION**

The Court should exclude all evidence of IP's post-storm remediation

project, including its removal of the Kingsfield Road Dam.

Dated:  January 19, 2018                        Respectfully submitted,

                                               */s/ Daniel W. Nelson*

Larry Hill                                      Daniel W. Nelson
Florida Bar No. 173908                          District of Columbia Bar No. 433415
MOORE, HILL & WESTMORELAND, P.A.                GIBSON, DUNN & CRUTCHER LLP
350 West Cedar Street                           1050 Connecticut Avenue, N.W.
Pensacola, FL 32502                             Washington, D.C. 20036
Telephone: (850) 434-3541                       Telephone: (202) 887-3687
Fax: (850) 435-7899                             Fax: (202) 530-9571
lhill@mhw-law.com                               dnelson@gibsondunn.com

*Counsel for Defendant*                         *Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that counsel for Defendant conferred with counsel for

Plaintiffs, and Plaintiffs oppose the relief sought in this motion.

/s/ *Daniel W. Nelson*
Daniel W. Nelson

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that this memorandum contains 2,919 words and therefore

complies with the word limit set forth in Local Rule 7.1(F).

/s/ *Daniel W. Nelson*
Daniel W. Nelson

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2018, the foregoing

document was filed using the Court's CM/ECF system. In addition, (1) the filing is

available for viewing and downloading via the CM/ECF system, and (2) the

CM/ECF system will send notification of this filing to all attorneys of record who

have registered for CM/ECF updates.

/s/ *Daniel W. Nelson*
Daniel W. Nelson