UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN NAVELSKI, LINDA NAVELSKI,
ERICK ALEXANDER, JACOB HUTCHINS,
AMBER HUTCHINS, JEANNE HENDERLY,
RICHARD BULLARD, and BEVERLY
BULLARD, on their own behalf and those
others similarly situated,

  Plaintiffs,

v.             Case No. 3:14-cv-445 MCR/CJK

INTERNATIONAL PAPER COMPANY,

  Defendant.

**PLAINTIFFS' THIRD OMNIBUS MOTION IN *LIMINE* TO:
(1) STRIKE ANY EVIDENCE OR ARGUMENT CONCERNING
IRRELEVANT WASTEWATER/STORMWATER PERMITS;
(2) STRIKE ANY EVIDENCE OR ARGUMENT CONCERNING
DEFENDANT'S POLICIES AND ALLEGED "BEST PRACTICES"
RELATING TO IRRELEVANT WASTEWATER/STORMWATER
PERMITS; AND (3) STRIKE ANY EVIDENCE OR ARGUMENT
CONCERNING INSPECTIONS OR INSPECTION RESULTS RELATING
TO IRRELEVANT WASTEWATER/STORMWATER PERMITS**

# TABLE OF CONTENTS

                                                  **Page**

I.    INTRODUCTION ................................................................................. 1

II.   DISCUSSION ....................................................................................... 2

      A.    Legal Standards ............................................................................2

           1.    General Rule: Federal Rules of Evidence 401-402 ................... 2

           2.    General Rule: Federal Rule of Evidence 403 ........................... 2

           3.    General Rule: Federal Rule of Evidence 404(a)(1) ................... 3

      B.    Application of Law to Facts ..............................................................3

           1.    Wastewater/Stormwater Permits .............................................. 3

           2.    Wastewater/Stormwater Policies or Alleged "Best Practices" ................................................................................. 4

           3.    Wastewater/Stormwater Inspections and Inspection Results .... 6

III.  CONCLUSION ...................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Rules**

Fed. R. Evid. 401 ..................................................................................1, 2, 3

Fed. R. Evid. 402 ..................................................................................2

Fed. R. Evid. 403 ..................................................................................1, 2, 3, 4

Fed. R. Evid. 404(a)(1) .........................................................................*passim*

**Statutes**

Fla. Administrative Code § 62-330.020(2) ............................................5

## I. INTRODUCTION

Plaintiffs John Navelski, *et al.* (collectively, "Plaintiffs") hereby move this Court for an Order in *Limine* precluding Defendant International Paper Company ("Defendant" or "IP") from presenting any alleged evidence or potential argument regarding the items set out in the title of Plaintiffs' Third Omnibus Motion in *Limine* ("Motion").

This Court should recognize the clear and fundamental difference between ***"wastewater/stormwater"***[1] and ***"dam safety"*** permits, policies, and inspections. This is a dam safety case, not a wastewater/stormwater case that deals with the lawful or unlawful amount of discharge of chemicals or waste by Defendant. Accordingly, this Court should:

1. Preclude any evidence or argument concerning irrelevant, or highly prejudicial and confusing, ***wastewater/stormwater permits***, pursuant to Federal Rules of Evidence 401 and 403;

2. Preclude any evidence or argument concerning irrelevant, or highly prejudicial and confusing, ***internal policies or alleged "best practices"*** of Defendant regarding wastewater/stormwater permits, pursuant to Federal Rules of Evidence

---

[1] The term "stormwater" does not refer to a dam safety issue. This term of art is used in the industry because, when it rains, the wastewater mixes with the stormwater. Hence the phrase "wastewater/stormwater."

401 and 403, and pursuant to Federal Rule of Evidence 404(a)(1), which states clearly that historical "character evidence" or "character traits" are "not admissible to prove that on a particular occasion a person acted in accord with that character or trait"; and

3. Preclude any evidence or argument about historical *inspections, or inspection results*, regarding wastewater/stormwater permits under Rules 401, 403, and 404(a)(1) of the Federal Rules of Evidence.

Following a recitation of the applicable legal standards, Plaintiffs' argument is set forth in detail below.

## II. DISCUSSION

### A. Legal Standards

#### 1. General Rule: Federal Rules of Evidence 401-402

Pursuant to Federal Rule of Evidence 401, evidence is admissible if, and only if, it tends to make a fact of consequence either more probable or less probable. *See* Fed. R. Evid. 401. Under Federal Rule of Evidence 402, "[i]rrelevant evidence is **not admissible**." *See* Fed. R. Evid. 402 (emphasis added).

#### 2. General Rule: Federal Rule of Evidence 403

Pursuant to Federal Rule of Evidence 403, even relevant evidence should be excluded if its probative value is substantially outweighed by the danger of *unfair*

*prejudice, confusion of the issues, misleading the jury, undue delay, the waste of time*, or the needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.

### 3. General Rule: Federal Rule of Evidence 404(a)(1)

Under Federal Rule of Evidence 404(a)(1), character evidence or character traits are "not admissible to prove that on a particular occasion a person acted in accord with that character or trait." Fed. R. Evid. 404(a)(1).

### B. Application of Law to Facts

#### 1. Wastewater/Stormwater Permits

Plaintiffs move this Court for an Order in *Limine* precluding Defendant from presenting any evidence or argument concerning wastewater/stormwater permits at trial. The wastewater/stormwater permits, and applications for permits, have been listed by Defendant IP as Defendant's Trial Exhibits Nos. 1, 10, 13, 14, 15, and 70. (*See* Exs. A to F, attached hereto.)

These permits and applications for permits are irrelevant under Federal Rule of Evidence 401. They do not, as a matter of law, "tend[] to make a fact or consequence more or less probable" in this case. The only permits that could meet that test are "dam safety" general permits, which are an entirely different class of permit that the Defendant in this case failed to obtain. Therefore, to allow the Defendant to assert that the dam was "permitted" is completely misleading to the jury and that is what the Defendants will attempt to do with the wastewater permits.

3

***Either the existence of the dam caused or substantially contributed to the flooding on April 29th and 30th, or it did not. That's the relevant liability inquiry.*** It wasn't "chemicals" or "waste" in the water that caused, or substantially contributed, to the flooding in this case. It was the dam, and issues concerning the safety of the dam, that caused or substantially contributed to the flooding here.

While it is a fact that wastewater discharged with the stormwater, there are no health claims being made in this case that make parsing the wastewater permits relevant to any jury decision. *See* Fed. R. Evid. 403. Defendant's Trial Exhibits Nos. 1, 10, 13, 14, 15, and 70 should thus be struck entirely from trial.

### 2. Wastewater/Stormwater Policies or Alleged "Best Practices"

Plaintiffs next move this Court for an Order in *Limine* precluding Defendant from presenting any evidence or argument concerning its "policies" or purported "best practices" concerning wastewater/stormwater permits. These policies or alleged best practices have been listed by Defendant IP as Defendant's Trial Exhibits Nos. 9 and 21. (*See* Exs. G and H, attached hereto.)

These exhibits should be struck from trial for the reasons identified in Section II(B)(1) immediately above. (*See supra*, Sec. II(B)(1).) Plaintiffs will not restate those arguments here, but will instead incorporate them by reference.

These exhibits should also be struck from trial pursuant to Federal Rule of Evidence 404(a)(1). Introduction of these exhibits at trial would constitute the use

of impermissible "character evidence." As Federal Rule of Evidence 404(a)(1)—entitled "Prohibited Uses"—makes plain, "character" or "character trait" evidence is "not admissible to prove that on a particular occasion a person acted in accord with that character or trait." Fed. R. Evid. 404(a)(1). Hence, just because Defendant had historical policies and purported best practices that it ***allegedly*** followed having to do with keeping its wastewater compliant with NPDES limations (thereby constituting Defendant's alleged historical "character" or "character trait"), does not mean that the dam here was legally permitted or safe. Attempting to show, for instance, that Defendant was a "good corporate citizen" or that it "historically followed its policies and procedures with respect to wastewater management is a transparent attempt to bias a jury into thinking that the dam was legally permitted and maintained in accordance with a wholly different regulatory framework.

Under Florida Administrative Code section 62-330.020(2) "… a permit is required prior to the construction, alteration, operation, maintenance, removal, or abandonment of … (a) [a]ny project in, on, or over wetlands or other surface water; … (e) [a] capability of impounding more than 40 acre-feet of water; [or] (f) [a]ny dam having a height of more than 10 feet. International Paper's dam meets all three of these criteria, and because it is located within the authority of the Northwest Florida Water Management District (WMD), it is subject to additional regulations found in WMD Handbooks Volumes I and II. *See* F.A.C. §62-330.010(f)(a), (b).

Handbook Volume I, in section 12.4 (a), (b), and (c), reuires that a dam must be maintained in perpetuity according to the conditions in the permit, inspections of the dam must be done periodically to protect the public safety, and the inspections must identify if there are any deficiencies in structural integrity or degradation due to insufficient maintenance. None of the wastewater/stormwater permits address the maintenance or structural integrity of the dam because IP never obtained such a permit from the WMD in the first place.[2] Following a policy or purported best practice *regarding wastewater/stormwater management* has no relevance to the case, which deals with the dam and dam safety, not the discharge of any given level of chemicals or waste into the water. For these reasons, Defendant's Trial Exhibits Nos. 9 and 21 should be struck entirely.

### 3. Wastewater/Stormwater Inspections and Inspection Results

Plaintiffs finally move this Court for an Order in *Limine* precluding Defendant from presenting evidence or argument concerning wastewater/stormwater inspections and inspections results (or certifications). The inspections and inspections results regarding wastewater/stormwater permits have been listed by Defendant IP as Defendant's Trial Exhibits Nos. 16, 18-20, 22-25, and 73. (*See* Exs. I to Q, attached hereto.)

---

[2] Handbook Volume I is available at www.flrules.org/Gateway/reference.asp?No=Ref-03174

***First***, these exhibits should be struck from trial for the reasons identified in Section II(B)(1) above. (*See supra*, Sec. II(B)(1).) ***Second***, these exhibits should also be struck from trial pursuant to Federal Rule of Evidence 404(a)(1), as explained in Section II(B)(2) immediately above. (*See supra*, Sec. II(B)(2).) Again, introduction of these exhibits at trial would constitute the use of impermissible "character evidence." Just because Defendant passed some inspections in the past (thereby constituting Defendant's alleged historical "character" or "character trait"), does not mean that its dam was safe at the time of the rainfall and flooding here. More to the points, what difference does it make if, ***in the past***, Defendant passed ***wastewater/stormwater*** inspections? Such inspections don't deal with dam safety; they only deal with the appropriate or inappropriate levels of chemicals and waste in the water and if the waste water system still exists as designed. These exhibits therefore have no bearing on the relevant liability inquiry, as discussed above. No wastewater inspector ever certified this dam as safely blocking the creek. Letting the Defendants imply that wastewater permit inspections bear on dam safety would permit misleading the jury.

For these reasons, Defendant's Trial Exhibits Nos. 16, 18-20, 22-25, and 73 should be struck entirely from trial.

## III. CONCLUSION

In light of the foregoing, Plaintiffs request that the Court grant Plaintiffs' Motion in *Limine* barring Defendant from presenting any alleged evidence or potential argument regarding the items set out in the title of Plaintiffs' Third Omnibus Motion in *Limine*.

**Local Rule 7.1(F) Certification**

The undersigned counsel hereby certifies that this pleading is compliant with the limitations imposed by the Court and, according to Microsoft Word's "Word Count" function, pursuant to the methodology contained in Local Rule 7.1(F), this Third Omnibus Motion in Limine is 1,870 words, which includes headings, footnotes, and quotations.

Dated: January 19, 2018          Respectfully Submitted,

*/s/ James L. Kauffman*
James L. Kauffman, Fl. Bar No. 12915
Jonathan R. Marshall, *Pro Hac Vice*
**BAILEY & GLASSER LLP**
1054 31st Street, N.W., Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Fax: (202) 463-2103
jkauffman@baileyglasser.com
jmarshall@baileyglasser.com

Jeremiah J. Talbott
**Law Office of J.J. Talbott, P.A.**
900 East Moreno Street
Pensacola, FL 32503
jj@talbottlawfirm.com

Christopher M. Vlachos
**Vlachos Injury Law, P.A.**
244 East Intendencia Street
Pensacola, FL 32502
chris@vlachosinjurylaw.com

*Counsel for Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 19th day of January 2018 that a true copy of the foregoing was served via electronic delivery on counsel below:

Daniel W. Nelson
Jason Meltzer
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 887-3687
Fax: (202) 530-9571

Charles F. Beall, Jr.
cbeall@mhw-law.com
Florida Bar No. 66494

Larry Hill
lhill@mhw-law.com
ljohnson@mhw-law.com
Florida Bar No. 173908

Kimberly S. Sullivan
ksullivan@mhw-law.com
Florida Bar No. 101408
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
Pensacola FL 32502
Telephone: (850) 434-3541

*Attorneys for Defendant*

Patrick Clerkin
Aaron S. Imhoff
Clerkin, Sinclair & Mahfouz, LLP
530 B Street, 8th Floor
San Diego, CA 92101
Telephone: (619) 308-6550
Fax: (619) 923-3143

Attorneys for *USAA and USAA GIC*

*/s/ James L. Kauffman*
James L. Kauffman