# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

|  |  |
|---|---|
| JOHN NAVELSKI, LINDA NAVELSKI, ERICK ALEXANDER, JACOB HUTCHINS, AMBER HUTCHINS, JEANNE HENDERLY, RICHARD BULLARD, and BEVERLY BULLARD, on their own behalf and those others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>    Defendant. | Case No. 3:14-cv-00445 MCR/CJK |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTION NO. 1**

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiffs in this case are John Navelski, Linda Navelski, Erick Alexander, Jacob Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard. The Plaintiffs are current and former owners of property located in four subdivisions in Cantonment, Florida. The Defendant in this case is International Paper Company. The Defendant owns and operates a paper mill in Cantonment, Florida.

This case is a type of proceeding known as a class action, which means that the Plaintiffs have filed suit on behalf of themselves as well as on behalf of a class of other individuals with similar claims. Those other individuals are not required to participate in the trial because the Plaintiffs have agreed to litigate the case as representatives of the entire class. The class consists of all persons who, as of April 29, 2014, owned property in the Bristol Park, Bristol Woods, Bristol Creek,

or Ashbury Hills subdivisions in Cantonment, Florida. These four subdivisions will be referred to as the "class area."

This is a case about flooding of the class area during a rain storm that hit Cantonment, Florida on April 29 and April 30, 2014. During the storm, a structure on the Defendant's property sometimes referred to as the Kingsfield Road Dam failed when a breach formed between the structure and the bank. The Plaintiffs claim that this breach caused all of the flooding of the class area. The Defendant disputes this claim, and contends that the class area flooded due to the severe rain storm and the properties' location in a stormwater drainage basin, not due to the breach between the structure and the bank.

Burden of proof:

The Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendant on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If the Plaintiffs fail to meet this burden, you must find in favor of the Defendant.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you

understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence,

and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After the Plaintiffs question the witness, the Defendant may ask the witness questions – this is called "cross-examining" the witness.  Then the Defendant will present its witnesses, and the Plaintiffs may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**AUTHORITY:**  11th Cir. Pattern Jury Instr. (Civil) 1.1 (modified); Order Den. Def.'s Mot. For Recons. 11–12.

<u>**DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTION NO. 2**</u>

<u>**Class Action -- Bifurcation**</u>

The Court has divided this case into two phases. In this phase, you will decide whether the Defendant is legally responsible for all of the flooding of the class area by addressing issues regarding the Defendant's conduct and the cause of the flooding of the class area. If you decide those issues in favor of the Defendant, the case will end and there will not be a second phase. But if you decide them in favor of the Plaintiffs, other juries in subsequent proceedings will determine the damages, if any, that each class member is entitled to recover.

**AUTHORITY:** Order Granting Pls.' Mot. For Certification; Order Den. Def.'s Mot. For Recons. 11–12; Fed. R. Civ. P. 23(c)(4).

# DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTION NO. 3

## Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 1.4.

## --<u>EVIDENTIARY INSTRUCTIONS</u>--

## <u>DEFENDANT'S PROPOSED EVIDENTIARY INSTRUCTION NO. 1</u>

### <u>Stipulations</u>

Sometimes the parties have agreed that certain facts are true.  This agreement

is called a stipulation.  You must treat these facts as proved for this case.

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 2.1.

## DEFENDANT'S PROPOSED EVIDENTIARY INSTRUCTION NO. 2

## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 2.2.

# --<u>FINAL INSTRUCTIONS</u>--

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 1</u>

### <u>Introduction</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**AUTHORITY:** 11th Cir. Pattern Jury Instr. (Civil) 3.1.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 2

## The Duty to Follow Instructions -- Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY:** 11th Cir. Pattern Jury Instr. (Civil) 3.2.2.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 3

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY:**    11th Cir. Pattern Jury Instr. (Civil) 3.3.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 4

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 3.4.

**DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 5**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 3.5.1.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 6

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**AUTHORITY:** 11th Cir. Pattern Jury Instr. (Civil) 3.6.1.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 7

### Class Area

The class area in this case is made up of the Bristol Park, Bristol Woods, Bristol Creek, and Ashbury Hills subdivisions in Cantonment, Florida.

**AUTHORITY:**    Order Granting Pls.' Mot. For Certification at 58.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 8

### Responsibility for Proof -- Plaintiffs' Claims

The Plaintiffs assert four claims:  (1) negligence; (2) trespass; (3) nuisance; and (4) strict liability for an ultrahazardous activity.[1]

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who

---

[1]  On the late afternoon of January 22, 2018—the due date for these Proposed Jury Instructions—Plaintiffs' counsel sent an e-mail to Defendant's counsel stating that they have decided not to pursue their trespass and nuisance claims.  As of now, Plaintiffs have not filed a document formally dismissing those claims.  To the extent those claims are formally dismissed in the future, the discussions of Plaintiffs' trespass and nuisance claims in these Proposed Jury Instructions will become moot.  If those claims are dismissed, IP is prepared to submit a revised version of the jury instructions to account for the change in Plaintiffs' case.

may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**AUTHORITY:**    11th Cir. Pattern Jury Instr. (Civil) 3.7.1 (modified).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 9

## Negligence -- Issues

On the Plaintiffs' negligence claim against the Defendant, the Plaintiffs must prove that the Defendant failed to exercise reasonable care in its maintenance of the Kingsfield Road Dam and, if so, that the Defendant's failure to exercise reasonable care was the legal cause of all of the flooding of the class area. If a preponderance of the evidence does not support each element of the Plaintiffs' negligence claim against the Defendant, your verdict should be for the Defendant on that claim.

**AUTHORITY:**     *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.18(a) (modified), 401.21; Order Den. Def.'s Mot. For Recons. 11–12.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 10

## Reasonable Care -- Definition

Reasonable care is the care that a reasonably careful person would use under like circumstances.

**AUTHORITY:**    *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.4 (modified).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 11

### Negligence -- Legal Cause

The failure to exercise reasonable care was the legal cause of all of the flooding of the class area if it directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the Defendant's failure to exercise reasonable care, none of the flooding of the class area would have occurred.

**AUTHORITY:**     *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.12(a) (modified); Order Den. Def.'s Mot. For Recons. 11–12.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 12

## Trespass -- Issues

On the Plaintiffs' trespass claim against the Defendant, the Plaintiffs must prove (1) that the Defendant intended for the Kingsfield Road Dam to breach and for the water impounded by it to enter each class member's property; and (2) that the breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area. If a preponderance of the evidence does not support each element of the Plaintiffs' trespass claim against the Defendant, your verdict should be for the Defendant on that claim.

**AUTHORITY:** *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.18(a) (modified), 401.21 (modified); Order Den. Def.'s Mot. For Recons. 11–12; *Jacobini v. JP Morgan Chase, N.A.*, No. 6:11-cv-231-Orl-31GJK, 2012 WL 252437, at \*3 (M.D. Fla. Jan. 26, 2012) (citing 75 Am. Jur. 2d Trespass § 21 (2011) and 55 Fla. Jur. 2d Trespass § 1 (2011) (defining trespass as requiring an intentional act)).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 13

## Trespass -- Legal Cause

The breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area if it directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the breach of the Kingsfield Road Dam, none of the flooding of the class area would have occurred.

**AUTHORITY:** *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.12(a) (modified); Order Den. Def.'s Mot. For Recons. 11–12.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 14

## Nuisance -- Issues

On the Plaintiffs' nuisance claim against the Defendant, the Plaintiffs must prove (1) that the Defendant's use of its property insofar as it pertains to the Kingsfield Road Dam was an unreasonable one under the circumstances; (2) that any flooding of the class area attributable to water released as a result of the breach of the Kingsfield Road Dam was either prolonged or recurring; and (3) that the breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area. If a preponderance of the evidence does not support each element of the Plaintiffs' nuisance claim against the Defendant, your verdict should be for the Defendant on that claim.

AUTHORITY:    *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.18(a) (modified), 401.21 (modified); Order Den. Def.'s Mot. For Recons. 11–12; *Jameson Land Co., LLC v. Mosaic Fertilizer, LLC*, No. 815-cv-00409-T-27, 2016 WL 7206122, at *2 (M.D. Fla. Feb. 5, 2016) (defining nuisance); *Beckman v. Marshall*, 85 So. 2d 552, 555 (Fla. 1956) (same); *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954) (same); Restatement (Second) of Torts § 821D (1979) (same).

    *See also Uniroyal, Inc. v. Hood*, 588 F.2d 454, 462–63 (5th Cir. 1979) (applying Georgia law and explaining that "[t]he whole idea of nuisance is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury" (internal quotation marks omitted)); *Burnett v. Rushton*, 52 So. 2d 645, 645 (Fla. 1951) (prolonged nuisance); *Shamhart v. Morrison Cafeteria Co.*, 32 So. 2d 727, 728 (Fla. 1947) (recurring nuisance).

<u>**DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 15**</u>

<u>**Nuisance -- Legal Cause**</u>

The breach of the Kingsfield Road Dam was the legal cause of all of the flooding in the class area if it directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the breach of the Kingsfield Road Dam, none of the flooding of the class area would have occurred.

**AUTHORITY:**  *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.12(a) (modified); Order Den. Def.'s Mot. For Recons. 11–12.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 16

## Strict Liability -- Issues

On the Plaintiffs' strict-liability claim against the Defendant, the Plaintiffs must prove (1) that the impoundment of water by the Kingsfield Road Dam posed a risk of harm to another person, or to that person's land or personal property, that was serious and abnormal and that could not be eliminated by the exercise of reasonable care; (2) that the impoundment of water by the Kingsfield Road Dam was not a matter of common usage; and (3) that the breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area. If a preponderance of the evidence does not support each element of the Plaintiffs' strict-liability claim against the Defendant, your verdict should be for the Defendant on that claim.

**AUTHORITY:** *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.18(a) (modified), 401.21 (modified); Order Den. Def.'s Mot. For Recons. 11–12; *Peoples Gas Sys. v. Posen Constr., Inc.*, No. 2:11-cv-231-FTM-29, 2012 WL 2358161, at *2 (M.D. Fla. June 20, 2012); *Cities Serv. Co. v. State*, 312 So. 2d 799, 802 (Fla. 2d DCA 1975).

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 17

## Risk of Harm -- Factors

In determining whether the impoundment of water by the Kingsfield Road Dam posed a risk of harm to another person, or to that person's land or personal property, that was serious and abnormal and that could not be eliminated by the exercise of reasonable care, you should consider:

(1) Whether the activity involved a high degree of risk of harm to another person, or that person's land or personal property;

(2) Whether the harm that might result from the activity was likely to be great; and

(3) Whether the risk from the harm could be eliminated by the exercise of reasonable care.

AUTHORITY:    *Peoples Gas Sys. v. Posen Constr., Inc.*, No. 2:11-cv-231-FTM-29, 2012 WL 2358161, at *3 (M.D. Fla. June 20, 2012); *Peoples Gas Sys. v. Posen Constr., Inc.*, No. 2:11-cv-231-FTM-29, 2011 WL 5525346, at *3 (M.D. Fla. Nov. 14, 2011); *Cities Serv. Co. v. State*, 312 So. 2d 799, 802 (Fla. 2d DCA 1975).

# DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 18

## Common Usage -- Factors

In determining whether the impoundment of water by the Kingsfield Road

Dam was not a matter of common usage, you should consider:

(1) Whether the activity was a matter of common usage;

(2) Whether the activity was inappropriate to the place where it was

carried out; and

(3) The value of the activity to the community.

An activity is a matter of common usage if it is normal or usual.  An activity

may be a matter of common usage even if it is engaged in by only a limited

number of people and even if it is not pervasive, as long as the activity is common

within or familiar to the community.

**AUTHORITY:**     *Peoples Gas Sys. v. Posen Constr., Inc.*, No. 2:11-cv-231-FTM-
29, 2012 WL 2358161, at **3–4 (M.D. Fla. June 20, 2012);
*Cities Serv. Co. v. State*, 312 So. 2d 799, 802 (Fla. 2d DCA
1975).

*See also* Restatement (Third) of Torts § 20 cmt. j (2010) ("Even
if an activity involves a highly significant risk when reasonable
care is exercised, the activity is not abnormally dangerous if it
is in common usage.  An activity that is normal or usual is not
abnormally dangerous."); *see also id.* ("[A]ctivities can be in
common use even if they are engaged in by only a limited
number of actors. . . . The concept of common usage can be
extended further to activities that, though not pervasive, are
nevertheless common and familiar within the community.").

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 19

## Strict Liability -- Legal Cause

The breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area if it directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the breach of the Kingsfield Road Dam, none of the flooding in the class area would have occurred.

**AUTHORITY:**     *Florida Standard Jury Instructions in Civil Cases*, Instr. 401.12(a) (modified); Order Den. Def.'s Mot. For Recons. 11–12.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 20

## Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages Are Not an Issue

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY:**     11th Cir. Pattern Jury Instr. (Civil) 3.6.1.

## DEFENDANT'S PROPOSED FINAL INSTRUCTION NO. 21

### Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**AUTHORITY:**    11th Cir. Pattern Jury Instr. (Civil) 3.9.

Dated:  January 22, 2018

Larry Hill
Florida Bar No. 173908
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Pensacola, FL 32502
Telephone: (850) 434-3541
Fax: (850) 435-7899

lhill@mhw-law.com


*Counsel for Defendant*

Respectfully submitted,

*/s/ Daniel W. Nelson*
Daniel W. Nelson
District of Columbia Bar No. 433415
Jason R. Meltzer, *pro hac vice*
District of Columbia Bar No.1010315
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-3687
Fax: (202) 530-9571
dnelson@gibsondunn.com
jmeltzer@gibsondunn.com


*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2018, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ Daniel W. Nelson*
Daniel W. Nelson