## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| JOHN NAVELSKI, LINDA NAVELSKI, ERICK ALEXANDER, JACOB HUTCHINS, AMBER HUTCHINS, JEANNE HENDERLY, RICHARD BULLARD, and BEVERLY BULLARD, on their own behalf and those others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 3:14-cv-00445 MCR/CJK |
| INTERNATIONAL PAPER COMPANY, | |
| Defendant. | |

## PARTIES' JOINT PRETRIAL STIPULATION

In accordance with this Court's July 21, 2017 Order Setting Trial and Pretrial Schedule (ECF No. 119), Plaintiffs John Navelski, Linda Navelski, Erick Alexander, Jacob Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard, together with Defendant International Paper Company ("Defendant," "International Paper" or "IP"), jointly submit this Pretrial Stipulation.

## A.     BASIS OF FEDERAL JURISDICTION

As alleged in Plaintiffs' First Amended Complaint (ECF No. 38), and admitted in Defendant's Answer and Affirmative Defenses thereto (ECF No. 39), this Court has original, diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332(a) (2011), in that the value of the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different States.  Additionally, the Court has original, diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332(c) (2011), because it is a class action certified under Rule 23 and the value of the matter in controversy exceeds $5,000,000, exclusive of interests and costs. All Plaintiffs are citizens of Florida, and IP is a citizen of New York and Tennessee.

## B.     CONCISE STATEMENT OF THE NATURE OF THE ACTION (TO BE READ TO JURY)

*Plaintiffs' Proposed Statement:*

Plaintiffs own homes in a neighborhood that was flooded in a storm on April 29th and 30th, 2014. Defendant International Paper Company owns a dam located at the end of its Cantonment paper mill upstream from Plaintiffs' neighborhood. During the storm, the dam failed and collapsed.

This case is a type of proceeding known as a class action, which means that the named Plaintiffs John Navelski, Linda Navelski, Erick Alexander, Jacob

Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard have filed suit on behalf of themselves as well as on behalf of a class of other individuals with similar claims. The class consists of all persons who, as of April 29, 2014, owned property in the Bristol Park, Bristol Woods, Bristol Creek, or Ashbury Hills subdivisions in Cantonment, Florida. The residents of these neighborhoods are not required to participate in the trial because John Navelski, Linda Navelski, Erick Alexander, Jacob Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard have agreed to litigate the case as representatives of the entire class.

The residents of these neighborhoods claim that International Paper Company's dam caused or substantially contributed to the flooding. International Paper Company disputes these claims, and contends that the flood was solely caused by the rain storm, not because of their dam.

You will decide whether International Paper Company's conduct substantially contributed to the flooding. You will not decide any amount damages or award any money to the Plaintiffs or the residents of these neighborhoods. The award of damages to any individual, if any, will be decided in another trial or similar proceeding.

***Defendant's Proposed Statement:***

The Plaintiffs in this case are John Navelski, Linda Navelski, Erick Alexander, Jacob Hutchins, Amber Hutchins, Jeanne Henderly, Richard Bullard, and Beverly Bullard.  The Plaintiffs are current and former owners of property located in four subdivisions in Cantonment, Florida.  The Defendant in this case is International Paper Company.  The Defendant owns and operates a paper mill in Cantonment, Florida.

This case is a type of proceeding known as a class action, which means that the Plaintiffs have filed suit on behalf of themselves as well as on behalf of a class of other individuals with similar claims.  Those other individuals are not required to participate in the trial because the Plaintiffs have agreed to litigate the case as representatives of the entire class.  The class consists of all persons who, as of April 29, 2014, owned property in the Bristol Park, Bristol Woods, Bristol Creek, or Ashbury Hills subdivisions in Cantonment, Florida.  These four subdivisions will be referred to as the "class area."

This is a case about flooding of the class area during a rainstorm that hit Cantonment, Florida on April 29 and April 30, 2014.  During the storm, a structure on the Defendant's property sometimes referred to as the "Kingsfield Road Dam" failed when a breach formed between the structure and the bank.  The Plaintiffs claim that this breach caused all of the flooding of the class area.  The Defendant

disputes this claim, and contends that the class area flooded due to the severe rainstorm and the properties' location in a stormwater drainage basin, not due to the breach between the structure and the bank.

## C.    BRIEF GENERAL STATEMENT OF EACH PARTY'S CASE

### *For Plaintiffs*

International Paper owned, operated, repaired, and controlled the Kingsfield Road Dam ("the Dam") at all times prior to the Dam's collapse on the evening of April 29, 2014. Plaintiffs intend to prove that the Dam served no purpose and should not have remained after International Paper stopped using the Dam in 2012. Also, Plaintiffs will demonstrate that the Dam had a long and troubled history of erosion that International Paper was well aware. Despite this knowledge, International Paper failed to maintain the Dam, employed no policies or procedures for the dam's maintenance, and kept no records of any maintenance performed on the dam. Plaintiffs will present evidence about the design of the dam, International Paper's wastewater and storm water facilities, repairs and modifications to the Dam, and the Dam's abandonment in 2012. Plaintiffs will also prove their case through photos of the Dam at various times, International Paper's records, and the observations and opinions of Plaintiffs' expert witnesses.

Plaintiffs will prove that the Dam failed due to overtopping and erosion during the storm. This is not a controversial statement and it is believed to be

accepted as true by International Paper. Plaintiffs will prove that International Paper's Dam caused the flooding experienced in the Bristol Park and Ashbury Hills neighborhoods.

Plaintiffs will also show that the dam should have been removed and had it removed the flood would not have occurred.

### For Defendant

Defendant contends that all of Plaintiffs' causes of action fail because Plaintiffs cannot meet their burden of proving that all of the flooding of the class area was caused by the failure of a small structure on Defendant's property sometimes referred to as the "Kingsfield Road Dam." Plaintiffs therefore cannot prove the necessary legal-causation element of any of their four claims. Defendant also contends that each of Plaintiffs' four claims fails for additional reasons, which include (but are not limited to) the following:

1. Plaintiffs' negligence claim fails because Defendant exercised reasonable care in its maintenance of the Kingsfield Road Dam.

2. Plaintiffs' trespass claim fails because Defendant did not intend for the Kingsfield Road Dam to breach or for the water impounded by the Kingsfield Road Dam to enter each class member's property.[1]

---

[1] On the late afternoon of January 22, 2018—the due date for this Joint Pretrial Stipulation—Plaintiffs' counsel sent an e-mail to Defendant's counsel stating that

3. Plaintiffs' nuisance claim fails because any flooding of the class area attributable to water released as a result of the breach of the Kingsfield Road Dam was not prolonged or recurring and Defendant's use of its property was not unreasonable.

4. Plaintiffs' ultrahazardous-activity claim fails because the impoundment of water by the Kingsfield Road Dam did not involve an abnormal risk of harm that could not be eliminated by reasonable care and because the impoundment of water by the Kingsfield Road Dam was a matter of common usage in the context of the drainage basin where it was located.

**D.    LIST OF ALL EXHIBITS AND OBJECTIONS**

Lists of Plaintiffs' and Defendant's exhibits and objections are attached hereto as Exhibits A and B.  The parties have also agreed to the use of static or live versions of:  (1) maps or satellite images, available on Google Maps or Google Earth, from November 2013 through March 2015; and (2) the 2014 Escambia County Damage Assessments Map.

---

they have decided not to pursue their trespass and nuisance claims.  As of now, Plaintiffs have not filed a document formally dismissing those claims.  To the extent those claims are formally dismissed in the future, the discussions of Plaintiffs' trespass and nuisance claims in this Joint Pretrial Stipulation will become moot.

## E.   LIST OF ALL WITNESSES AND OBJECTIONS

*For Plaintiffs*

1.  Erick Alexander, 1911 Joshua Drive, Cantonment, FL 32533.

2.  Beverly Bullard, 506 Timber Ridge Drive, Pensacola, FL 32534
    (formerly 9970 Bristol Park Road, Cantonment, FL 32533).

3.  Richard Bullard, 506 Timber Ridge Drive, Pensacola, FL 32534
    (formerly 9970 Bristol Park Road, Cantonment, FL 32533).

4.  Jeanne Henderly, 9771 Harlington Street, Cantonment, FL 32533.

5.  Amber Hutchins, 3020 Ashbury Lane, Cantonment, FL 32533.

6.  Jacob Hutchins, 3020 Ashbury Lane, Cantonment, FL 32533.

7.  John Navelski, 2706 Silhouette Drive, Cantonment, FL 32533.

8.  Linda Navelski, 2706 Silhouette Drive, Cantonment, FL 32533.

9.  Cindy Kersey, Childersburg, AL (formerly 10112 Bristol Park Road
    Cantonment, FL 32533).

10.  Kyle Moore, International Paper Company, 375 Muscogee Road,
    Cantonment, FL 32533.

11.  David Pavlock, 2703 Silhouette Drive, Cantonment, FL 32533.

12.  Christopher Quackenbush, International Paper Company, 375 Muscogee
    Road, Cantonment, FL 32533.

13.  Richard Tarbox, 2703 Ashbury Lane, Cantonment, FL 32533.

14.  Ronald Waters, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

15.  William Yuhauz, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

16.  W. David Carrier, Argila Enterprises, Inc., 76 Woodside Drive, Lakeland, FL 33813

17.  Mark Norris, Rebol-Battle & Associates, 2301 N. 9th Avenue, suite 300, Pensacola, FL 32503.

18.  Mark Ross, Center for Modeling Hydrologic and Aquatic Systems, College of Engineering, University of South Florida, Tampa, FL, 33620.

19.  Brent Griffin, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

20.  Clarence Morgan, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

21.  Jerry Teel, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

22.  Andrew Yuhauz, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

23.  John Taylor, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

24. Bretton DeJong, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

25. Mike Steltenkamp, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.[2]

26. Charles Edward Giddens, Reed Construction Company, LLC, 114 North Hoyle Ave., Bay Minette, AL 36507.

27. Michael Hitchcock, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

28. Christopher Curb, Escambia County Engineering Division of Public Works, 3363 West Park Place, Pensacola, FL 32505.[3]

29. Jennifer Kauffman, 2006 Joshua Drive, Cantonment, FL 32533.

30. Pat Lockridge, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

31. Laurie McLain, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

32. Rodney Wallace, 3022 Ashbury Lane, Cantonment, FL 32533.

---

[2] Plaintiffs moved in limine to exclude this witness, but if he is allowed to testify for some limited purpose, Plaintiffs may call him as a witness.

[3] Plaintiffs moved in limine to exclude this witness, but if he is allowed to testify for some limited purpose, Plaintiffs may call him as a witness.

33. Tom Fruitticher, Fruitticher Lowery Appraisal Group, 3000 Langley
    Avenue, Suite 402, Pensacola, FL 32504 (authentication purposes only).

34. Corporate records custodian for International Paper Company, 375
    Muscogee Road, Cantonment, FL 32533.

35. All witnesses disclosed by other parties (Live and/or by Deposition or
    De Bene Esse Deposition)

36. Anyone present in the courtroom or appearing by video and/or anyone
    needed for impeachment, foundation and/or rebuttal purposes.  (Live
    and/or by Deposition or De Bene Esse Deposition)

By listing a witness, Plaintiffs do not agree that they will call the
witness to testify or that the witness's testimony is admissible.

### Defendant's Objections

1. IP objects to the inclusion of Tom Fruitticher, who, along with his report,
   was excluded from the case.  *See* Order, No. 14-cv-00445 (N.D. Fla. Mar.
   25, 2017), ECF No. 93 at 38-39 ("his testimony must be excluded").  Mr.
   Fruitticher is not an appropriate witness for "authentication" purposes, to
   authenticate parts of his report, including tables or maps he created, or third
   party documents that were included in Plaintiffs' preliminary exhibit list.

2. IP objects to the inclusion of "Corporate records custodian for International
   Paper Company," as vague, ambiguous, and insufficiently specific.  The

Court's Order Setting Trial and Pretrial Schedule requires more specificity, including disclosing the "names" of "all witnesses."  In addition, IP does not have a "corporate records custodian."

3. IP objects to the inclusion of "All witnesses deposed by other parties (Live and/or by Deposition or by Deposition De Bene Esse)," as vague, ambiguous and insufficiently specific.  The Court's Order Setting Trial and Pretrial Schedule requires more specificity, including disclosing the "names" of "all witnesses."

4. IP objects to the inclusion of "Anyone present in the courtroom or appearing by video and/or anyone needed for impeachment, foundation and/or rebuttal purposes (Live and/or by Deposition or De Bene Esse Deposition.)."  The Court's Order Setting Trial and Pretrial Schedule requires more specificity, including disclosing the "names" of "all witnesses."

### *For Defendant*

1. Erick Alexander, 1911 Joshua Drive, Cantonment, FL 32533.

2. Joseph Barrett, Fabre Engineering & Surveying, 119 Gregory Square, Pensacola, FL 32502.

3. Beverly Bullard, 506 Timber Ridge Drive, Pensacola, FL 32534 (formerly 9970 Bristol Park Road, Cantonment, FL 32533).

4.   Richard Bullard, 506 Timber Ridge Drive, Pensacola, FL 32534
     (formerly 9970 Bristol Park Road, Cantonment, FL 32533).

5.   Christopher Curb, Escambia County Engineering Division of Public
     Works, 3363 West Park Place, Pensacola, FL 32505.

6.   James Duke, 5303 Pony Chase, Austin, TX 78727.

7.   Frank Fabre, Fabre Engineering & Surveying, 119 Gregory Square,
     Pensacola, FL 32502.

8.   John France, AECOM, 6200 South Quebec Street, Greenwood Village,
     CO 80111.

9.   Charles Edward Giddens, Reed Construction Company, LLC, 114 North
     Hoyle Ave., Bay Minette, AL 36507.

10.  Jeanne Henderly, 9771 Harlington Street, Cantonment, FL 32533.

11.  Amber Hutchins, 3020 Ashbury Lane, Cantonment, FL 32533.

12.  Jacob Hutchins, 3020 Ashbury Lane, Cantonment, FL 32533.

13.  Keith Jacobs, Larry M. Jacobs & Associates, Inc., 328 East Gadsden
     Street, Pensacola FL 32502.

14.  Jennifer Kauffman, 2006 Joshua Drive, Cantonment, FL 32533.

15.  Cindy Kersey, Childersburg, AL (formerly 10112 Bristol Park Road
     Cantonment, FL 32533).

16. Yongqiang (Frank) Lan, AECOM, 6200 South Quebec Street, Greenwood Village, CO 80111.

17. Pat Lockridge, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

18. Laurie McLain, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

19. Kyle Moore, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

20. Clarence Morgan, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

21. John Navelski, 2706 Silhouette Drive, Cantonment, FL 32533.

22. Linda Navelski, 2706 Silhouette Drive, Cantonment, FL 32533.

23. David Pavlock, 2703 Silhouette Drive, Cantonment, FL 32533.

24. Chris Quackenbush, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

25. Mike Steltenkamp, International Paper Company (former employee), 375 Muscogee Road, Cantonment, FL 32533.

26. Richard Tarbox, 2703 Ashbury Lane, Cantonment, FL 32533.

27. John Taylor, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

28. Rodney Wallace, 3022 Ashbury Lane, Cantonment, FL 32533.

29. Stephen Wistar, AccuWeather Forensics, 385 Science Park Road, State College, PA 16803.

30. William Yuhasz, International Paper Company, 375 Muscogee Road, Cantonment, FL 32533.

### *Plaintiffs' Objections*

1. Plaintiffs object to Defendant's stated or implied intention to offer Christopher Curb as an expert or hybrid witness. Defendant made no appropriate disclosures for Mr. Curb's capacity as an expert or hybrid witness. Plaintiffs intend to submit or have submitted a motion in limine addressing Mr. Curb's testimony.

2. Plaintiffs object to the testimony of James Duke on the grounds that his testimony is insufficiently reliable to assist the trier of fact and irrelevant. Plaintiffs intend to submit or have submitted a motion in limine addressing Mr. Duke's testimony.

3. Plaintiffs object to the testimony of Stephen Wistar on the grounds that his testimony is insufficiently reliable to assist the trier of fact and irrelevant. Plaintiffs intend to submit or have submitted a motion in limine addressing Mr. Wistar's testimony.

4. Plaintiffs object to Mike Steltenkamp as a witness because he was not disclosed in Defendant's Rule 26 disclosures.  Accordingly, under Rules 26 and 37, he should be excluded as a witness at trial. Plaintiffs also object to Defendant's stated or implied intention to offer Mr. Steltenkamp as an expert or hybrid witness.  Defendant made no appropriate disclosures for Mr. Steltenkamp's capacity as an expert or hybrid witness.  Plaintiffs intend to submit or have submitted a motion in limine addressing Mr. Steltenkamp's testimony.

5. Plaintiffs object to Jennifer Kauffman as a witness because her testimony is not relevant to the factual and legal issues presented in this case.

6. Plaintiffs object to Rodney Wallace as a witness because his testimony is not relevant to the factual and legal issues presented in this case.

7. Given the narrow factual and legal issues presented in this case, only witnesses who can offer relevant testimony should be allowed to testify at trial.

## F.    DEPOSITIONS TO BE OFFERED AT TRIAL

*Plaintiffs:* None

*Defendant:* None

## G.    CONCISE STATEMENT OF ADMITTED FACTS

1. The measured and surveyed data collected and reported by Frank Fabre, Joseph Barrett, and Mark Norris is accurate.

2. The blue stars on the Escambia County Damage Assessments Map denote properties that experienced some flooding on April 29–30, 2014.

3. The structure located approximately 350 feet north of Kingsfield Road, sometimes referred to as the "Kingsfield Road Dam," was on International Paper's property at all times relevant to this litigation.

4. International Paper owned and controlled the structure sometimes referred to as the "Kingfield Road Dam" at all times relevant to this litigation.

## H.    CONCISE STATEMENT OF AGREED UPON ISSUES OF LAW

1.  None.

## I.    CONCISE STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED

*Plaintiffs*

1. Whether IP breached any of the following duties, *inter alia*, to Plaintiffs to:

   a.  avoid foreseeable harm to the Plaintiffs;

   b.  control water running through man-made conveyances from its property;

   c.  design the dam to prevent failure;

   d.  obtain the required dam safety permit;

17

e.  operate the facilities' structures, including the dam, to prevent impoundment of water and failure;

f.  maintain the dam to ensure its safety; and

g.  remove the dam after abandonment.

2.  Whether International Paper Company's conduct substantially contributed to the flooding in the neighborhoods.

### *Defendant*

1.  Whether all of the flooding in the class area from April 29-30, 2014 was caused by the breach of the structure north of Kingsfield Road sometimes referred to as the Kingsfield Road Dam ("Kingsfield Road Dam").

2.  Whether Defendant failed to exercise reasonable care in its maintenance of the Kingsfield Road Dam prior to April 30, 2014, and, if so, whether Defendant's failure to exercise reasonable care was the legal cause of all of the flooding in the class area.

3.  Whether Defendant intended for the Kingsfield Road Dam to breach and for the water impounded by the Kingsfield Road Dam to enter each class member's property.

4.  Whether any flooding of the class area attributable to water released as a result of the breach of the Kingsfield Road Dam was prolonged or recurring.

5. Whether Defendant's use of its property insofar as it pertains to the Kingsfield Road Dam was unreasonable.

6. Whether the impoundment of water by the Kingsfield Road Dam posed a risk of harm to another person, or to that person's land or personal property, that was serious and abnormal and that could not be eliminated by the exercise of reasonable care.

7. Whether the impoundment of water by the Kingsfield Road Dam was not a matter of common usage.

## J. CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

### *Plaintiffs*

Issues for Plaintiffs' Strict Liability claims:

1. Whether IP's dam constituted an ultrahazardous activity.

2. Plaintiffs' position is that the standard for causation for strict liability is: Whether International Paper Company's conduct substantially contributed to the flooding in the neighborhoods.

Issues for Plaintiffs' Negligence claims:

1. Whether IP's failure to obtain a safety permit from the Northwest Florida Water Management District was negligence *per se*.

2. Whether IP owed a duty of care to Plaintiffs, *inter alia*, to:

    a. avoid foreseeable harm to the Plaintiffs;

    b. control water running through man-made conveyances from its property;

    c. design the dam to prevent failure;

    d. obtain the required dam safety permit;

    e. operate the facilities' structures, including the dam, to prevent impoundment of water and failure;

    f. maintain the dam to ensure its safety; and

    g. remove the dam after abandonment.

3. Plaintiffs' position is that the standard for causation for negligence is:

Whether International Paper Company's conduct substantially contributed to the flooding in the neighborhoods.

<u>Defendants' Affirmative Defenses:</u>

1. Whether IP may assert the affirmative defense that the damages alleged were caused by an Act of God, and if so, whether the Act of God defense applies to Plaintiffs' strict liability claims; and

2. Whether IP may assert the affirmative defense that the actions complained of were isolated, occasional and periodic acts such that the acts are not a private nuisance.

*Defendant*

1. Whether, on the negligence claim, Plaintiffs must prove that Defendant's alleged failure to exercise reasonable care was the legal cause of all of the flooding of the class area—i.e., whether Defendant's alleged failure to exercise reasonable care directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the Defendant's failure to exercise reasonable care, none of the flooding in the class area would have occurred.

2. Whether, on the trespass claim, Plaintiffs must prove that Defendant intended for the Kingsfield Road Dam to breach and for the water impounded by the Kingsfield Road Dam to enter each class member's property.

3. Whether, on the nuisance claim, Plaintiffs must prove that any flooding of the class area attributable to water released as a result of the breach of the Kingsfield Road Dam was prolonged or recurring.

4. Whether, on the nuisance claim, Plaintiffs must also prove that Defendant's use of its property insofar as it pertains to the Kingsfield Road Dam was unreasonable.

5. Whether, on the strict-liability claim, Plaintiffs must prove that the impoundment of water by the Kingsfield Road Dam posed a risk of harm to

another person, or that person's land or personal property, that was serious and abnormal and that could not be eliminated by the exercise of reasonable care.

6.  Whether, on the strict-liability claim, Plaintiffs must also prove that the impoundment of water by the Kingsfield Road Dam was not a matter of common usage.

7.  Whether, on the trespass, nuisance, and strict-liability claims, Plaintiffs must prove that the breach of the Kingsfield Road Dam was the legal cause of all of the flooding of the class area—i.e., whether the breach of the Kingsfield Road Dam directly and in natural and continuous sequence produced or contributed substantially to producing all of the flooding, so that it can reasonably be said that, but for the Defendant's failure to exercise reasonable care, none of the flooding in the class area would have occurred.

## K.  CONCISE STATEMENT OF DISAGREEMENT ON APPLICATION OF FEDERAL RULES OF CIVIL PROCEDURE

The parties agree that this case is governed by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  The parties will continue to confer in good faith about the application of those rules to particular pieces of evidence and to specific procedural questions in order to minimize the number of disputed issues to be resolved by the Court.

**L.   MOTIONS REMAINING FOR DETERMINATION**

1.  Plaintiff filed the following motions in limine:

    a.  First Omnibus Motion in Limine to Exclude (ECF No. 155)

    b.  Second Omnibus Motion in Limine to Exclude: (ECF No. 157)

    c.  Third Omnibus Motion in Limine to Exclude: (ECF No. 159)

2.  Defendant filed the following motions in limine:

    a.  Motion In Limine To Exclude Evidence Of Subsequent Remedial Measures (ECF No. 154).

    b.  Motion In Limine To Exclude Evidence Regarding The Composition Of Paper Mill Effluent And Materials Used In Effluent Treatment, And Historic Exceedances Of Industrial Wastewater Facility Permit Specifications (ECF No. 156).

    c.  Motion In Limine To Exclude Evidence Of Damages From The Class Trial (ECF No. 160).

    d.  Motion In Limine To Limit Expert Testimony By Dr. David Carrier (ECF No. 161).

3.  United Services Automobile Association (a reciprocal inter-insurance exchange) and USAA General Indemnity Company's Motion to Intervene (ECF No. 131).

## M.   JURY STATEMENT

This is a jury case.

## N.   TRIAL-LENGTH ESTIMATES

*Plaintiffs:*

Plaintiffs expect that the trial, consisting of both sides' cases-in-chief, will last

four trial days, exclusive of jury selection.

*Defendant:*

Defendant expects that the trial will last five to eight days (exclusive of jury

selection), depending on:  (1) the court's ruling on motions in limine; (2) whether

Plaintiffs complete their case-in-chief in two days or less, and (3) whether all four

of Plaintiffs' causes of action proceed into IP's presentation of evidence.

Dated: January 22, 2018                         Respectfully Submitted,

/s/ James L. Kauffman                           /s/ Daniel W. Nelson
James L. Kauffman, Fl. Bar No. 12915            Daniel W. Nelson
Jonathan R. Marshall, *pro hac vice*            Jason R. Meltzer, *pro hac vice*
**BAILEY & GLASSER LLP**                        **GIBSON, DUNN & CRUTCHER LLP**
1054 31st Street, N.W., Suite 230               1050 Connecticut Avenue, N.W.
Washington, DC 20007                            Washington, D.C. 20036
Telephone: (202) 463-2101                       Telephone: (202) 887-3687
Fax:  (202) 463-2103                            Fax: (202) 530-9571
jkauffman@baileyglasser.com                     DNelson@gibsondunn.com
jmarshall@baileyglasser.com                     JMeltzer@gibsondunn.com

Jeremiah J. Talbott                             Larry Hill
**Law Office of J.J. Talbott, P.A.**           Florida Bar No. 173908
900 East Moreno Street                          **MOORE, HILL & WESTMORELAND PA**
Pensacola, FL 32503                             350 West Cedar Street

jj@talbottlawfirm.com

Christopher M. Vlachos
**Vlachos Injury Law, P.A.**
244 East Intendencia Street
Pensacola, FL 32502
chris@vlachosinjurylaw.com

*Counsel for Plaintiffs and the Class*

Pensacola, FL 32502
Telephone: (850) 434-3541
Fax: (850) 435-7899
lhill@mhw-law.com

*Counsel for Defendant International
Paper Company*