# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JOHN NAVELSKI, LINDA NAVELSKI, ERICK ALEXANDER, JACOB HUTCHINS, AMBER HUTCHINS, JEANNE HENDERLY, RICHARD BULLARD, and BEVERLY BULLARD, on their own behalf and those others similarly situated,

    Plaintiffs,

v.                                Case No. 3:14-cv-445 MCR/CJK

INTERNATIONAL PAPER COMPANY,

    Defendant.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES FROM THE CLASS TRIAL

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................... 1
II. ARGUMENT............................................................................................ 2
    A. Because the challenged evidence is contextually necessary, it is not unfairly prejudicial. ...................................................................... 2
    B. The danger of unfair prejudice has not materialized and is best resolved at trial in the correct context. ............................................... 4
III. CONCLUSION ....................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Coleman v. Home Depot, Inc.*,
   306 F.3d 1333 (3d Cir. 2002) ............................................................................... 4

*United States v. Bradberry*,
   466 F.3d 1249 (11th Cir. 2006) ............................................................................. 4

*United States v. Jiminez*,
   224 F.3d 1243 (11th Cir. 2000) ............................................................................. 3

*United States v. Krenzelok*,
   874 F.2d 480 (7th Cir. 1989) ................................................................................ 4

*Wilhite v. Shelby Cnty. Gov't*,
   No. 13-2143, 2015 WL 11017959 (W.D. Tenn. Dec. 28, 2015) .......................... 3

**Other Authorities**

Fed. R. Evid. 401 ................................................................................................... 2, 3, 5

Fed. R. Evid. 402 ......................................................................................................... 3

Fed. R. Evid. 403 ...................................................................................................... 3, 4

## I. INTRODUCTION

Plaintiffs respond in opposition to the motion in limine of Defendant International Paper ("IP") to exclude evidence of what it characterizes as "damages" from the upcoming jury trial of this class action. More accurately, the purpose of the evidence at issue is to establish a timeline and extent of the flooding experienced in the affected areas consistent with evidence supporting causation. For example, Plaintiffs intend to use a few photographs of the flooding in their homes to explain the timing of the flooding, the quickness with which the water rose, and the height of the flooding. These are the same photographs that IP used at the evidentiary hearing on class certification and summary judgment. The other post-flood photos that IP requests be excluded are relevant because they show that the flooding was gone by early the next morning. *See* Exhibit O.[1] Most of the specific evidence to which IP objects is merely contextual with respect to the class members' anecdotal testimony. In IP's own words in its motion, "[e]videntiary questions such as these –if they arise—are best resolved with the context of trial." Mot. at. 12.

---

[1] This photo was taken at the neighborhood the next morning by an IP employee. The other photograph referenced in IP's motion, Exhibit N, is not the exhibit referenced in Plaintiffs' exhibit list. The correct photograph was taken at the IP mill by an IP employee, and is attached as Exhibit A (Pls' Trial Ex. 251) hereto. Plaintiffs provided this photograph as the exhibit in the parties' exchange of exhibit lists and the bates reference for the exhibit list should be corrected to identify Exhibit A's bates number, NAVELSKI_00030223.

## II. ARGUMENT

### A. Because the challenged evidence is contextually necessary, it is not unfairly prejudicial.

Plaintiff's expert, Dr. Mark Ross, developed a hydrologic model to illustrate and explain the extent of the flooding in the Plaintiffs' neighborhood had the dam held or been removed. Dr. Ross's modeling stands on its own, but its credibility is legitimately enhanced insofar as the level of flooding the model predicts to have occurred at specific times is consistent with Plaintiffs' accounts of the height of the flooding in their homes.

Dr. Ross compares the high-water observed levels in the homes in the neighborhood to the high-water levels predicted in his model to find that IP's dam's contribution to the flooding.

Although plainly relevant to causation, IP frames its objections to Plaintiffs' anecdotal evidence in terms of the relevancy requirements of the rules of evidence. That is, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In doing so, IP concedes that Plaintiffs' testimony as to the timing and extent of the flooding is relevant to causation, *see* Motion at 8 (ECF No. 160 at 11), but it seeks to segregate the timing-and-extent testimony from the contextual evidence of Plaintiffs' reactions to the exigencies in which they found themselves, and the consequences they perceived

during the time in question. Of course, this is the same situational evidentiary question that can be more adequately addressed in the context it arises at trial.

Further, IP's proposal runs counter to accepted federal practice. *See, e.g.*, *Wilhite v. Shelby Cnty. Gov't*, No. 13-2143, 2015 WL 11017959, at *12 (W.D. Tenn. Dec. 28, 2015) (holding that recounting of prisoner assault in which plaintiff jailer had urine thrown in her face and was taunted were relevant to her discrimination claim and admissible under Rules 401, 402, and 403 insofar that "testimony was necessary as context for her subsequent diagnosis and requested accommodations"). Even in the criminal arena, potentially prejudicial evidence is admissible where it is "necessary to complete the story" of what occurred, or is "inextricably intertwined" with the pertinent evidence of misconduct. *See United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000) (citation and internal quotation marks omitted).

Evidence of Plaintiffs' emotions and the stress they were under may be necessary at trial to justify and account for minor variations in the witnesses' memory and recall concerning the timing of the flooding which, left unexplained, might lead the jury to unfairly conclude their testimony is untruthful or unreliable. IP recognizes that the evidence is likely relevant for that purpose. *See* Motion at 11 (ECF No. 160 at 14) ("IP anticipates that Plaintiffs will attempt to introduce evidence of class members' emotional distress to explain why some class members have imperfect recollections of the flood"). IP nevertheless maintains that admission of

3

the evidence implicates Rule 403's invitation to "exclude relevant evidence if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice." Fed. R. Evid. 403.

But IP is incorrect, particularly in light of the requirement that it convince this Court that the potential prejudice attendant to Plaintiffs' evidence *substantially* outweigh its undeniably significant probative value. *See United States v. Krenzelok*, 874 F.2d 480, 482 (7th Cir. 1989) (instructing that "when the trial judge is in doubt, Rule 403 requires admission (this is the force of '*substantially* outweighed'") (emphasis in original)); *see also Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002) (quoting *Krenzelok*). The decision to admit or exclude evidence pursuant to Rule 403 is committed to the district court's sound discretion. *United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006). Plaintiffs respectfully suggest that the Court's denial of IP's motion would be an unassailable exercise of that discretion.

### B. The danger of unfair prejudice has not materialized and is best resolved at trial in the correct context.

IP does not appear to take issue with the veracity of the testimony it seeks to exclude. Instead, IP argues that too much truth being presented at trial risks a liability determination notwithstanding the merits, simply because the jury will empathize with Plaintiffs. It is hard to see how, under the Rule 403 balancing test, any danger of prejudice could be adjudged "unfair" when weighed against evidence

that is not just relevant, that is not merely "of consequence" within the ambit of Rule 401. To the extent that IP has any valid concerns, those are best resolved within the context of trial.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny IP's motion and permit them to fully present their evidence at trial regarding the timing and extent of the flooding and the necessary context thereof.

## Local Rule 7.1(F) Certification

The undersigned counsel hereby certifies that this Response in Opposition is compliant with the limitations imposed by the Court and, according to Microsoft Word's "Word Count" function, pursuant to the methodology contained in Local Rule 7.1(F), this Response in Opposition is 1,261 words, which includes headings, footnotes, and quotations.

Dated: January 26, 2018

Respectfully Submitted,

*/s/ James L. Kauffman*
James L. Kauffman, Fl. Bar No. 12915
Jonathan R. Marshall, *pro hac vice*
**BAILEY & GLASSER LLP**
1054 31st Street, N.W., Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Fax: (202) 463-2103
jkauffman@baileyglasser.com
jmarshall@baileyglasser.com

Jeremiah J. Talbott
**Law Office of J.J. Talbott, P.A.**
900 East Moreno Street
Pensacola, FL 32503
jj@talbottlawfirm.com

Christopher M. Vlachos
**Vlachos Injury Law, P.A.**
244 East Intendencia Street
Pensacola, FL 32502
chris@vlachosinjurylaw.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 26th day of January, 2018, that a true copy of the foregoing pleading was served via electronic delivery on counsel below:

Daniel W. Nelson
D.C. Bar No. 433415
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202-887-3687
dnelson@gibsondunn.com

Charles F. Beall, Jr.
cbeall@mhw-law.com
Florida Bar No. 66494

Larry Hill
lhill@mhw-law.com
ljohnson@mhw-law.com
Florida Bar No. 173908

Kimberly S. Sullivan
ksullivan@mhw-law.com
Florida Bar No. 101408
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
Pensacola FL 32502
Telephone: (850) 434-3541

Patrick Clerkin *Pro Hac Vice*
Texas Bar No. 24040702
Aaron S. Imhoff *Pro Hac Vice*
California Bar No. 310743
Clerkin Sinclair & Mahfouz, LLP
530 B Street, 8th Floor
San Diego, CA 92101
Telephone: 619-308-6550

*Attorneys for Defendant*

*/s/ James L. Kauffman*
James L. Kauffman