IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JOHN NAVELSKI, LINDA NAVELSKI, ERICK ALEXANDER, JACOB HUTCHINS, AMBER HUTCHINS, JEANNE HENDERLY, RICHARD BULLARD, and BEVERLY BULLARD, on their own behalf and those others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>    Defendant. | Case No. 3:14-cv-00445 MCR/CJK |

### DEFENDANT INTERNATIONAL PAPER COMPANY'S MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW REGARDING PLAINTIFFS' NEGLIGENCE *PER SE* CLAIM

Defendant International Paper Company ("IP") moves the Court for leave to file a memorandum of law demonstrating that federal notice-pleading requirements and fundamental fairness bar Plaintiffs from pursuing their untimely negligence *per se* claim. IP proposes to file its memorandum of law, of no more than five pages, by Thursday, February 8, 2018, with a five-page response from Plaintiffs due by Tuesday, February 13, 2018.

1

Plaintiffs' amended complaint does not plead a negligence *per se* claim or mention the Florida regulations and purported permit requirements that are the basis for their negligence *per se* theory.  See ECF No. 38.  IP did not learn until the finalization and filing of the Parties' Joint Pretrial Stipulation and the filing of Plaintiffs' trial brief on January 22, 2018, that Plaintiffs are planning to pursue a negligence *per se* claim at trial.  IP therefore has not had the opportunity to file a brief addressing the legal deficiencies in Plaintiffs' belated attempt to inject a negligence *per se* claim into this case, including the extensive authorities establishing that Plaintiffs' failure to plead a negligence *per se* theory and identify in their complaint the statutes and regulations underlying that theory precludes them from pursuing that claim at trial.  See, e.g., *Francois v. Diamond Offshore Co.*, No. CV 11-2956, 2013 WL 12230925, at *2 (E.D. La. Mar. 4, 2013) (denying the plaintiff's proposed jury instructions on negligence *per se* because "Plaintiff has failed to plead any violation of a statute or regulation such that Defendants would be on notice Plaintiff intended to proceed under the theory of negligence *per se*"); *Holler v. Cinemark USA, Inc.*, 185 F. Supp. 2d 1242, 1244 (D. Kan. 2002) (dismissing negligence *per se* claim where the plaintiff pled such a claim in his complaint but failed to "plead the statute on which the claim was based").

IP seeks leave to address these and other authorities in a short pretrial submission in order to establish before trial commences that Plaintiffs should be barred from pursuing their untimely, belatedly raised negligence *per se* claim.

## CONCLUSION

The Court should grant IP leave to file a memorandum of law regarding Plaintiffs' negligence *per se* claim.

Dated:  February 4, 2018                                   Respectfully submitted,

/s/ *Daniel W. Nelson*

| | |
|---|---|
| Larry Hill | Daniel W. Nelson |
| Florida Bar No. 173908 | District of Columbia Bar No. 433415 |
| MOORE, HILL & WESTMORELAND, P.A. | Jason R. Meltzer, *pro hac vice* |
| 350 West Cedar Street | District of Columbia Bar No.1010315 |
| Pensacola, FL 32502 | GIBSON, DUNN & CRUTCHER LLP |
| Telephone: (850) 434-3541 | 1050 Connecticut Avenue, N.W. |
| Fax: (850) 435-7899 | Washington, D.C. 20036 |
| lhill@mhw-law.com | Telephone: (202) 887-3687 |
| | Fax: (202) 530-9571 |
| | dnelson@gibsondunn.com |
| | jmeltzer@gibsondunn.com |
| *Counsel for Defendant* | *Counsel for Defendant* |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that, on February 3, 2018, counsel for Defendant asked counsel for Plaintiffs to communicate their position on this motion for leave within 24 hours and that counsel for Plaintiffs did not respond.

*/s/ Daniel W. Nelson*
Daniel W. Nelson

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2018, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ Daniel W. Nelson*
Daniel W. Nelson
